DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
Respondent was charged with three counts of misconduct involving his failure to provide competent representation, failure to act with reasonable diligence, misleading of clients, failure to file suit, failure to account for advance fees, failure to return unused portions of fees, and failure to surrender files to a client after being discharged by the client. Respondent’s actions were in violation of Rules of Professional Conduct 1.3, 1.4, 1.15, 1.16(d), and 8.4(a)(c) & (d).
Two of the charges involved respondent’s acceptance of advance fees from two clients and his subsequent failure to perform the required legal services while leading the clients to believe that he was properly handling their cases. Respondent acknowledged that he had not completed his representation of the clients and stated that he could not give an exact estimate of the work that he had done on the cases. The unearned portion of the advance fee was not returned to either client. The third charge involved an incarcerated client who retained respondent to represent her in criminal and related civil matters. The client discharged respondent and demanded the return of her papers and documents. Despite repeated requests from the client, respondent failed to return the file.
In his Petition for Consent Discipline, respondent admitted to the formal charges. The Hearing Committee found numerous aggravating circumstances, including prior offenses (five admonitions in 1991 for failure to provide a written response to complaints filed against him and three formal reprimands in 1988), selfish motive, a pattern of misconduct, multiple offenses, vulnerable victims,^[¿respondent’s substantial experience, and lack of restitution. The Hearing Committee also found several mitigating factors, including respondent’s personal problems, his cooperative attitude in consenting to discipline, physical impairment due to respondent’s diabetes, and remorse. The Hearing Committee recommended a suspension of one year and one day, and that respondent be required to make full restitution and return his former client’s files before applying for reinstatement.
On review, the Disciplinary Board concurred in the Hearing Committee’s recom *645 mendations. The Board recommended acceptance of the Consent Discipline and assessment of all costs of these proceedings against respondent.
Upon review of the findings and recommendations of the Hearing Committee and the Disciplinary Board, and upon consideration of the record filed herein, this court adopts the recommendations of the Disciplinary Board and accepts the proposed Consent Discipline.
DECREE
Accordingly, it is ordered that Patrick L. Durusau be suspended from the practice of law for one year and one day. Respondent is further ordered to:
1) Pay restitution to Ms. Slay in the amount of $1,500.00, plus legal interest from September 14, 1988 until paid,
2) Pay restitution to Mr. Reno in the amount of $900.00, plus legal interest from March 21, 1988 until paid, and
3) Return Ms. Jones’ files.
Respondent’s payment of full restitution or efforts to make restitution will be considered if respondent applies for readmission. All costs of these proceedings are assessed to respondent.
SUSPENSION ORDERED.