710 So.2d 236 (1998)
In re Walter V. KENDRICK.
No. 98-B-0623.
Supreme Court of Louisiana.
April 3, 1998.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
The instant consent disciplinary proceeding arises from two counts of formal charges instituted by the Office of Disciplinary Counsel ("ODC") against respondent, Walter V. Kendrick, an attorney licensed to practice law in the State of Louisiana, alleging violations of the Rules of Professional Conduct, specifically, Rules 1.1, 1.3, 1.4, 1.5(f), 1.16(d), 3.4(c), 8.1(b)(c) and 8.4(a)(c)(d) and (g) of the Rules of Professional Conduct and Supreme Court Rule XIX, § 8(c) and 9(c).
The underlying facts indicate respondent was retained by David Thompson in May 1992 to institute a bankruptcy proceeding on his behalf. Mr. Thompson was seeking bankruptcy protection to bar the repossession of his two vehicles by creditors. Respondent was paid $620.00 for his services. Later, respondent moved without filing the petition and without notice to his client. Moreover, he did not account for or return the unearned fee. Due to the failure to file the petition, Mr. Thompson's vehicles were repossessed.
On March 28, 1995, Mr. Thompson filed a complaint. The ODC forwarded a letter to the address listed in respondent's attorney registration statement, seeking a response. That letter was returned with the indication *237 that respondent's forwarding order for mail had expired. Counsel also sent letters to respondent's other addresses, which were returned unclaimed or returned. As a result, a subpoena was issued compelling his appearance to testify and production of documents. Respondent failed to comply with the subpoena.
On April 16, 1997, formal charges were filed. The first count charged respondent abandoned his client, failed to use due diligence, failed to communicate with his client and failed to return and account for the unearned fee. The second count alleged he failed to cooperate in a disciplinary investigation by failing to respond to the requests for information and failing to comply with a court order. It was also alleged respondent engaged in conduct prejudicial to the administration of justice.
On July 23, 1997, respondent tendered a petition for consent discipline whereby he admitted to having violated Rules 1.3 (diligence), 1.4 (communication with clients), 1.5(f)(rules regarding advance fee payments), 1.16(d)(returning client property) and 8.4(a)(violation of professional rules), 8.4(c)(engaging in conduct involving deceit, fraud, or misrepresentation) and 8.4(d)(conduct prejudicial to the administration of justice). He proposed he receive a suspension from the practice of law for a period of one year and one day, with reinstatement conditioned upon restitution.
On July 29, 1997, the ODC filed a concurrence to the petition alleging that suspension was appropriate discipline and submitted evidence in support of the charges. While remorse was the only recognized mitigating factor, the ODC noted the presence of several aggravating factors: (a) prior discipline;[1] (b) selfish motive; (c) failure to cooperate; (d) vulnerability to the victim; and (e) failure to make restitution.
On December 30, 1997, the disciplinary board filed its recommendation in this court, in which it recommended the consent discipline be adopted. It concluded the proposed sanction of suspension from the practice of law for a period of one year and one day was appropriate. In support, it pointed out that respondent violated a duty to his client and his actions were knowing, if not intentional. It further noted he delayed the disposition of his client's legal mater and injured the disciplinary system by failing to cooperate. The board recognized the same factors articulated by the ODC, but also concluded there were other mitigating factors present, specifically, full and free disclosure to the board by agreeing to consent discipline and delay in disciplinary proceedings since the substantive misconduct took place in 1992.[2] Finally, it concluded the proposed sanction was in line with In re: Durusau, 94-1412 (La.7/1/94), 638 So.2d 644, in which this court suspended an attorney for one year and one day based on similar misconduct to that in the instant case.
The board also proposed that respondent be assessed with all proceeding costs, and be ordered to pay restitution as a condition to *238 reinstatement. In addition, the board noted that respondent will have to also provide restitution in the amount of $200 from the prior disciplinary matter, as well as demonstrate he is current in the payment of bar dues, disciplinary fees, and MCLE, as provided by Supreme Court Rule XIX, § 24(E).
No objection was filed with this court to the board's recommendation.
Upon review of the record of the disciplinary board's findings and recommendations, and the record filed herein, it is the decision of the court that the petition for consent discipline be accepted.
Accordingly, it is ordered that respondent, Walter V. Kendrick, be suspended from the practice of law for a period of one year and one day. It is further ordered that he pay restitution to Mr. Thompson in the amount of $620.00. Respondent's payment of full restitution or efforts to make restitution in this matter, as well as in his prior disciplinary matter, will be considered if respondent applies for reinstatement. All costs of these proceedings are assessed against respondent.
NOTES
[*] Marcus, J. not on panel. Supreme Court Rule IV, Part 2, § 3.
[1] Notably, the misconduct involved in the instant proceeding took place prior to the imposition of discipline in two unrelated disciplinary proceedings. On December 8, 1993, respondent was admonished for his failure to cooperate with the ODC by not providing a written answer to a complaint. 93-ADB-070.

In the second matter, respondent was suspended for thirty days for failing to refund $200 in client funds. As conditions to reinstatement, respondent had to pay restitution and establish a client trust account. In re: Kendrick, 94-2352 (La.11/4/94), 644 So.2d 1044. While the suspension had been imposed on November 4, 1994, respondent had already been ineligible to practice since the fall of 1993. A certificate from Loretta Topey, executive director of the LSBA, reflects respondent has been ineligible to practice law since September 1, 1993 for failure to pay 1993-1994 membership dues; as of November 1, 1993, he has been ineligible to practice due to non-compliance with MCLE requirements; and as of December 2, 1994, he became ineligible to practice due to failure to pay the disciplinary assessment fee. To date, respondent has never sought to be reinstated to practice.
[2] Mr. Thompson's complaint was filed on March 28, 1995. The ODC requested its first response from respondent on April 13, 1995, which was returned with an expired address. The subpoena was not issued until over a year later, on April 30, 1996. While respondent did not comply with the subpoena, formal charges were not filed until another year later, on April 16, 1997. The petition for consent discipline and ODC concurrence were filed three months later in July of 1997, but the board did not issue its recommendation until March 11, 1998, eight months later.