JiPER CURIAM. *
This attorney disciplinary proceeding arises from two counts of formal charges *212 instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Carl V. Williams, an attorney licensed to practice law in the State of Louisiana, alleging violations of Rules 1.3, 1.4, 1.15(f) and 8.4(a)(c) and (d) of the Rules of Professional Conduct, as well as Supreme Court Rule XIX, § 28.
As to the first count, the record indicates respondent was terminated from his employment with the Legal Aid Bureau (“Legal Aid”)[1] based on his failure to pursue a number of client complaints. When the cases were reassigned to other attorneys, Legal Aid discovered that respondent had received $2,389.50 in cash payments from clients for advance court costs, and had failed to hold the funds in a client trust account as required by Supreme Court Rule XIX, § 28, instead placing the funds in his personal and/or operating accounts. Respondent promptly refunded the money when he was later confronted by Legal Aid, but alleged he was “exempt” from maintaining a trust account.[2] Subsequently, representatives of Legal Aid filed a complaint with the ODC. As a result of this complaint, respondent was eventually charged by the ODC with failing to place client funds in a trust account separate from his own property, commingling and converting client funds, and failing to protect clients funds.
As to the second count, the record indicates respondent was retained in November 1993 by Katie McCormick to pursue a ^community property partition on her behalf. He was paid $265.00 for potential court costs, but failed to place the funds in a client trust account and failed to file the petition until July 1995, one year and eight months later. Subsequently, in April 1996, Ms. McCormick filed a complaint with the ODC, alleging respondent failed to take any further action to pursue the case and failed to refund the unearned costs. Upon his receipt of the complaint, respondent refunded the unused court costs. As a result of this complaint, respondent was eventually charged by the ODC with neglect of a legal matter, failure to communicate with his client, failure to adequately safeguard client funds, and commingling and conversion of client funds.
In his answer to the first count, respondent denied neglecting his Legal Aid clients’ cases and alleged his failure to maintain a client trust account was the mistaken belief that it was unnecessary. As to the McCormick matter, he denied any misconduct on his part and attributed the delay in his handling of the pro bono case to be the fault of the tactical maneuvers of opposing counsel.
On June 12, 1997, respondent tendered a petition for consent discipline whereby he admitted to the misconduct charged, and proposed he be suspended from the practice of law for a period of one year and one day, with all but three months deferred, and be placed on probation for a period of two years, subject to several conditions.
On June 17, 1997, the ODC filed a concurrence to the petition for consent discipline, agreeing that suspension was the appropriate sanction under the facts.
Both the hearing committee and the disciplinary board recommended adoption of the proposed consent discipline. While the board recognized that respondent was not entirely at fault for the conduct charged,[3] it did find there were multiple instances of ^neglect and a pattern of deceiving some of the Legal Aid clients to cover up the neglect. In adopting the proposed consent discipline, the board concluded this sanction would adequately protect the public and deter future *213 misconduct by the respondent and other lawyers. Accordingly, it recommended respondent be suspended from the practice of law for a period of one year and one day, with all but three months deferred, and that following the active portion of his suspension, respondent be placed on probation for a period of two years subject to certain conditions.[4]
Neither respondent nor the ODC filed objections in this court to the disciplinary board’s recommendation.
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and the record filed herein, it is the decision of the court that the recommendation of the disciplinary board be adopted.
Accordingly, it is ordered that respondent, Carl V. Williams, be suspended from the practice of law for a period of one 14year and one day, with all but three months deferred. It is further ordered that following the active portion of his suspension, respondent shall be placed on probation for a period of two years, subject to the conditions recommended by the disciplinary board. All costs of these proceedings are assessed against respondent.
TRAYLOR, J., dissents.

 Calogero, C J. not on panel. Supreme Court Rule IV, Part 2, § 3.

. According to the record, the Legal Aid Bureau is a United Way agency providing free legal services to qualified individuals.

. In support, respondent relied on correspondence from the Louisiana Bar Foundation "exempting" him from the Interest on Lawyer Trust Accounts ("IOLTA”) program, apparently believing this meant he was exempt from maintaining a trust account.

. In its reasons, the board noted that respondent testified his Legal Aid clients were notified that their cases would be delayed due to his leave of absence. It pointed out that the policies, practices and lack of supervision at Legal Aid were partially to blame for respondent's failure to maintain a trust account. With respect to the McCormick matter, the board reviewed the court record of the community partition concluding that many of the delays were in fact attributable to opposing counsel, and not the mere negligence of the respondent.

. The conditions were:
a. Respondent shall maintain a client trust account;
b. Respondent shall attend ten (10) additional hours of continuing legal education in the area of law office management;
c. Respondent shall allow a practice monitor by the ODC to periodically inspect and inventory his files and trust account;
d. Respondent shall file an annual registration, remain current on his MCLE requirements, and pay all bar dues and disciplinary assessments;
f. Respondent shall provide timely proof of compliance with these conditions to the ODC as they are completed;
g. Respondent shall comply with the Rules of Professional Conduct; and
h. In the event respondent fails to comply with these conditions of probation, the disciplinary board is authorized to modify or extend the probationary period, or recommend to the court that the probation be revoked and the deferred portion of the suspension be made executory.