■ liPER CURIAM. *
This attorney disciplinary proceeding arises from formal charges filed by the Office *970 of Disciplinary Counsel (“ODC”) against respondent, Barry G. Feazel, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent violated Rules 1.3 (lack of due diligence), 1.4 (failing to comply with reasonable requests for information), 1.15(b) (failing to return and account for client funds), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failing to cooperate with the disciplinary investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving fraud, deceit, dishonesty or misrepresentation), 8 .4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failing to cooperate) of the Rules of Professional Conduct.
UNDERLYING FACTS
The record indicates that in July 1996, Paula Paddie retained the respondent to file a divorce on her behalf and obtain alimony pendente lite. Ms. Paddie paid respondent a fee of $550 and instructed him to file the petition immediately. However, respondent failed to file the petition, instead deceiving his client into believing that it had been filed.[1] Respondent failed to communicate with his client and failed to return the unearned legal fee, despite his client’s many requests, until September, 1997.
PROCEDURAL HISTORY
After Ms. Paddie filed her complaint, the ODC took respondent’s deposition. ^Respondent indicated he initially questioned Ms. Paddie’s decision to seek alimony pen-dente lite, finding some of the items she listed in her expense affidavit to be questionable. Respondent admitted that he had not filed the divorce suit on Ms. Paddie’s behalf, but “left her believing that it had been filed.” After Ms. Paddie learned of respondent’s failure to file the divorce, respondent asserted he returned the fee and court costs. He also stated he entered into negotiations with Ms. Paddie’s new attorney in an attempt to compensate her for the loss of alimony pen-dente lite.[2]
On December 4, 1997, the ODC instituted formal charges against respondent. Respondent failed to file an answer. As a result, the matter was considered on documentary evidence alone.[3]
On March 12, 1998, the hearing committee filed its report with the disciplinary board, recommending respondent be suspended from the practice of law for a period of one year, as well as assessed with all costs.
On July 30, 1998, the disciplinary board issued its recommendation to the court. Relying on Standards 4.41, 4.6 and 7.2 of the ABA Standards for Imposing Lawyer Sanctions,[4] and the presence of several aggravating factors,[5] the board recommended respondent be suspended from the practice of law a period of one year and one day. In *971 support of this slightly increased sanction, the board noted the element of deceit mandated that respondent be required to file an application for reinstatement.[6] One board member concurred, but felt respondent’s l3failure to cooperate may have justified a greater sanction.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Respondent’s deposition testimony establishes that he failed to file the divorce petition on behalf of his client, and then attempted to deceive her into believing the petition had been filed. Respondent failed to communicate with his client, and failed to refund the unearned fee until over one year later.
Given these facts, combined with respondent’s prior disciplinary record, we conclude the board’s recommendation of a suspension from the practice of law for a period of one year and one day is appropriate and consistent with the prior decisions of this court.[7]
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record filed herein, it is the decision of this court that the disciplinary board’s recommendation be adopted. Accordingly, it is ordered that respondent, Barry G. Feazel, be suspended from the practice of law for a period of one year and one day. All costs of these proceedings are assessed against respondent.

 Knoll, J. not on panel. Rule IV, Part 2, § 3.

. Ultimately, Ms. Paddie’s husband filed and obtained the divorce in November of 1996. As a result, Ms. Paddie was deprived of her opportunity to receive alimony pendente lite.

. The record indicates Ms. Paddie filed a malpractice claim against respondent in civil court. The case was ultimately settled for $3,300 plus court costs, representing an estimate of the alimony she would have received had respondent filed the divorce action when he was first retained to do so.

. The ODC submitted into evidence a copy of the complaint, notices to the respondent, respondent’s deposition, a letter from Ms. Paddie’s new attorney, a copy of a legal malpractice suit instituted against respondent and evidence of respondent’s prior discipline.

. Standard 4.41 of the ABA Standards for Imposing Lawyer Sanctions provides "[d]isbarment is generally appropriate when a lawyer abandons the practice and causes serious or potentially serious injury to a client, and knowingly fails to perform services for a client and causes serious injury or potential injury.” Standard 4.6 provides “suspension is generally appropriate when a lawyer knowingly deceives a client.” Standard 7.2 states "suspension is generally appropriate when a lawyer knowingly violates a duty owed to the profession and injures the legal system or a client.”

.While it failed to find any mitigating factors, the board recognized as several aggravating factors: (1) prior discipline (respondent was reprimanded in 1986 for charging a clearly excessive fee in a wrongful death case and in 1987 for commingling funds from operating and trust accounts); (2) dishonest or selfish motive; (3) obstruction of disciplinary system; and (4) vulnerability of the victim.

. Supreme Court Rule XIX, § 24(A) requires that an attorney suspended for more than one year must file an application for reinstatement.

. See In re: Kendrick, 98-0623 (La.4/3/98), 710 So.2d 236 (attorney, with a prior disciplinary record, was suspended for one year and one day for legal neglect, failing to communicate with a client, failing to return or account for an unearned fee and failing to cooperate with the ODC); In re: Williams, 98-0773 (La.4/24/98), 709 So.2d 211 (attorney was suspended for one year and one day followed by a two year period of probation for neglecting a legal matter, failing to communicate with his client, and failing to safeguard and commingling of client funds).