ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This attorney disciplinary proceeding arises from eight counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against Willie Fred Smith, a attorney licensed to practice law in Louisiana, but currently ineligible.[1]
UNDERLYING FACTS
In August of 1997, Robert Purifoy, an Arkansas resident, retained respondent to institute proceedings in connection with the succession of Mr. Purifoy’s father. Mr. Purifoy gave respondent $960 as a retainer and for court costs, as well as for payment of back taxes on a large tract of immovable property owned by the estate. Subsequently, respondent performed little or no legal services and failed to communicate with his client.
In May of 1998, Mr. Purifoy learned respondent had never instituted proceedings on his behalf and never paid the back taxes as instructed. Despite repeated requests, respondent failed to provide an accounting or return the unearned portion of the fee. On August 14, 1998, Mr. Purifoy filed a complaint with the ODC. Although the ODC made several requests for information, respondent failed to reply.
|PIn an unrelated matter, on March 3,1997, Betty J. Marshall retained respondent for $625 to institute succession proceedings.[2] Subsequently, respondent performed no legal services and failed to communicate with his client. On June 19, 1998, Ms. Marshall learned of respondent’s inaction. Despite repeated re *2 quests, respondent failed to return the unearned fee. On August 19, 1998, Ms. Marshall filed a complaint with the ODC. Although the ODC made several requests for information, respondent failed to reply.
Finally, respondent became ineligible to practice law on August 6, 1998, stemming from his failure to complete his 1997 mandatory continuing legal education (“MCLE”) requirements. Notwithstanding, he engaged in the unauthorized practice of law. In accordance with Rule 8.3 of the Rules of Professional Conduct,[3] Walter Reed, the district attorney for Winn Parish, and Walter E. Dorroh, Jr., an assistant district attorney for the Parish of La Salle, filed complaints with the ODC advising of several instances where respondent participated as counsel in legal proceedings.[4]
Respondent failed to respond to the ODC’s requests for information concerning the Purifoy and Marshall complaints. He appeared before the ODC pursuant to a subpoena and testified his inaction on the Purifoy and Marshall matters and failure ¡ato cooperate in the disciplinary proceedings stemmed from professional and personal problems. He alleged he intended to make full restitution to his clients. As to his ineligibility to practice law, respondent maintained he completed his 1997 requirements, but Louisiana State University’s Continuing Legal Education Department lost his paperwork and he neglected to advise them of their error.
Subsequently, respondent failed to accept the notices of the complaints involving the allegations of the unauthorized practice of law, as well as ignored subpoenas compelling his attendance at a scheduled deposition.
DISCIPLINARY PROCEEDINGS

Formal Charges

After concluding its investigation, the ODC filed eight counts of formal charges against respondent alleging several violations of the Rules of Professional Conduct, specifically, Rule 1.3 (lack of reasonable diligence in representing a client), Rule 1.4 (failure to communicate with client), Rule 1.5 (failure to promptly return unearned fees), Rule 1.15 (failure to account for client funds), Rule 1.16(d) (failure to refund advance payments of fees), Rule 8.1(c) (failure to cooperate in a disciplinary investigation), Rule 8.4(a) (violating Rules of Professional Conduct), Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), Rule 8.4(d) (engaging in conduct prejudicial to the administration of justice) and Rule 8.4(g) (failing to cooperate with the ODC’s investigation of alleged misconduct). When respondent failed to answer the charges, the hearing committee gave the parties time to file written arguments and documentary evidence on the issue of sanctions. The ODC submitted documentary evidence in support of the charges; respondent made no filing.

\ ¿Hearing Committee Recommendation

After consideration of the evidence, the hearing committee concluded respondent *3 violated the professional rules as charged. The committee recommended respondent be suspended for a period of one year, followed by a two-year period of probation subject to payment of restitution and compliance with “all other qualifications to practice law in the State of Louisiana.”

Disciplinary Board Recommendation

The disciplinary board agreed with the committee that respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system and the profession, and caused significant injury to his clients by failing to complete the work and denying them their funds. Moreover, it found respondent caused potential harm through his unauthorized practice of law. As aggravating factors, it recognized a pattern of misconduct; multiple offenses, bad faith obstruction of the disciplinary proceeding by failing to comply with rules or orders of the disciplinary agency, indifference to making restitution, and prior disciplinary record.[5]
Considering these facts, the board concluded that the appropriate sanction was a suspension from the practice of law for a period of one year and one day, which would necessitate respondent to seek reinstatement pursuant to Supreme Court Rule IbXIX, § 24(A). It further ordered that the respondent must meet all qualifications to practice law in this State, as well as account for and/or return the unearned fees.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
The record supports the disciplinary board’s findings that respondent knowingly and intentionally neglected his clients’ cases, failed to communicate with his clients* failed to provide an accounting and return his clients’ funds, failed to cooperate with the ODC and attempted to practice law when he was ineligible to do so. Therefore, the sole issue presented is the appropriate sanction for respondent’s misconduct.
In fashioning an appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990).
Generally, in cases involving similar types of misconduct, we have imposed suspensions in the range of one year, or one year and one day. See In re: Hollis, 98-0444 (La.6/19/98), 714 So.2d 693 (one year and one day suspension imposed on an attorney who accepted a retainer to represent two clients, failed to pursue the case, and failed to communicate with his clients); In re: Durusau, 94-1412 (La.7/1/94), 638 So.2d 644 (one year and one day suspension imposed on attorney for accepting retainers from two clients and failing to perform services and misleading them into believing he properly represented their interests); In re: Quaid, 98-2089 (La.9/3/99); 740 So.2d 104 (extension of prior disbarment imposed on attorney who continued to engage in unauthorized practice of law after disbarment, misleading client and failing to cooperate with the *4 ODC); and In re: Jones, 98-0207 (La.3/27/98), 708 So.2d 413 (one year suspension, with six months deferred, followed by a one year period of suspension imposed on an attorney for two instances of engaging in the unauthorized practice of law). Accordingly, we will accept the disciplinary board’s recommendation, and suspend respondent from the practice of law for a period of one year and one day, followed by a two year period of probation.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that Willie Fred Smith be suspended from the practice of law in Louisiana for one year and one day, followed by a two-year period of probation. It is further ordered that respondent account for and/or return the unearned fees of Mr. Purifoy and Ms. Marshall.[6] All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent is currently ineligible to practice stemming from his failure to satisfy his Louisiana State Bar Association disciplinary fee assessment and annual dues.

. On September 19, 1997, Ms. Marshall forwarded respondent $425 as a retainer. The following week, her cousin, Gaynell Barnes, paid respondent an additional $200. It is unclear from the record whether Ms. Barnes *2 was also a client in the succession matter, or was paying the funds on behalf of her cousin.

. Rule 8.3 provides “[a] lawyer possessing unprivileged knowledge of a violation of this code shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation.”

. Respondent engaged in the following activities while being ineligible to practice law:
9/2/98 filed a succession petition in the 8th Judicial District Court for the Parish of Winn;
9/2/98 represented a criminal defendant in charges involving battery of a school teacher and disturbing the peace;
9/3/98 represented a juvenile in criminal charges in the 28th Judicial Court for the Parish of LaSalle;
9/9/98 filed motion to enroll as counsel in Jackson Parish;
9/10/98 filed motion for modification, a dilatory exception and review of administrative hearing; and
9/11/98 appeared in court on behalf of client in a child support matter.

. Respondent's disciplinary and ineligibility history is as follows:
7/5/94 admonition failure to cooperate;
9/30/94-10/20/94 LSBA ineligible failure to pay dues;
9/06/95-9/22/95 LSBA ineligible failure to pay dues;
1/01/96-7/12/96 LSBA ineligible failure to file registration and assessment;
8/06/98-9/18/98 LSBA ineligible failure to complete MCLE;
9/04/98-9/18/98 LSBA ineligible failure to file registration and assessment; and
12/30/98 admonition neglect of legal matter, failure to account for or return unearned fee and failure to cooperate with ODC

. The amount owed to Ms. Marshall includes those funds advanced by Ms. Barnes.