ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against *618 respondent, William E. Decker, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
On August 12, 1998, the heirs of Anna Mae Caraway paid respondent $525 to handle her succession. The succession .was not complicated or unusual; respondent was simply required to put the heirs in possession of Mrs. Caraway’s estate.
For eight months, respondent’s clients repeatedly contacted him requesting information on the status of the succession. Respondent falsely advised his clients on several- occasions that he had filed the succession documents with the court when, in fact, he had not done so. After the clients made several unsuccessful attempts to have respondent return their telephone calls, they terminated his representation and requested an accounting, along with the return of their file and the unearned fee. Respondent failed to comply with any of his clients’ requests.
^DISCIPLINARY PROCEEDINGS

Formal Charges

Subsequently, one of the heirs, David Caraway, filed a complaint with the ODC concerning respondent’s handling of his mother’s succession. Respondent answered the complaint with a one-line letter to the ODC, admitting that he “failed to institute and complete the Succession of Anna Mae Caraway on a timely basis.”
After investigation, the ODC filed one count of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.15(b) (failure to provide an accounting), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, no formal hearing was held', and the matter was submitted to the hearing committee solely on documentary evidence. Supreme Court Rule XIX, § 11(E)(3).
Hearing Committee Recommendation.
Citing this court’s opinions in In re Bivins, 98-2513 (La.12/11/98), 724 So.2d 198; In re Feazel, 98-2060 (La.10/9/98), 718 So.2d 969; In re Williams, 98-0773 (La.4/24/98), 709 So.2d 211; and In re Kendrick, 98-0623 (La.4/3/98), 710 So.2d 236, the committee found a suspension from the practice of law for a period of one year and one day was an appropriate sanction for respondent’s neglect of his clients’ legal matter and his failure to provide an accounting to them. The committee also recommended that respondent not be reinstated until such time as he makes restitution of the $525 unearned fee to his clients.
laNeither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the board found the committee’s findings of fact are not manifestly erroneous, and that the committee correctly applied the Rules of Professional Conduct.[1] The *619 board found respondent knowingly violated a duty owed to his clients, and that the amount of actual injury present is significant. The succession proceeding which respondent was retained to handle was unduly delayed because of his failure to handle the matter promptly. Moreover, respondent falsely advised his clients that he had filed the succession documents with the court when, in fact, he had not done so, and later, he failed to provide proof that he has given his clients a copy of their file and has returned the unearned fee.
As aggravating factors, the board recognized respondent’s prior disciplinary record,[2] dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules and orders of the disciplinary agency, substantial experience in the practice of law (admitted 1979), and indifference to making restitution. The sole mitigating factor found by the board was remorse.
1 Considering the ABA’s Standards for Imposing Lawyer Sanctions[3] and the prior jurisprudence, the board recommended that respondent be suspended from the practice of law for one year and one day. The board further recommended that respondent be ordered to pay restitution to his clients or provide proof that such restitution has been made; however, the board declined to make restitution a condition of respondent’s reinstatement. Finally, the board recommended that respondent be assessed with all costs and expensés of these proceedings, with legal interest to commence running thirty days from the date of finality of the court's judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The record supports a finding that respondent neglected the succession matter he was retained to handle and failed to communicate with his clients, as well as failed to provide an accounting to them. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered |sin light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As the disciplinary board found, respondent’s conduct caused harm to the heirs of *620 Mrs. Caraway by unduly delaying her succession proceedings. Respondent compounded this harm by falsely informing his clients that the case was proceeding, when in fact it was not. Finally, respondent failed to make an accounting to his clients or refund the unearned portion of his fee, causing them additional harm.[4]
Numerous aggravating factors are present, including respondent’s substantial experience in the practice of law and his prior discipline in 1998 for misconduct similar to that at issue in the instant case. Although the disciplinary board identified the mitigating factor of remorse, we find no evidence in the record which supports such a finding.
Under similar facts, this court has imposed suspensions of one year and one day, which necessitate an application for reinstatement. See, e.g., In re Harris, 99-1828 (La.9/17/99), 745 So.2d 1172. We see no reason to impose a lesser sanction in this case. Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day, and also order him to make restitution to his clients.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that William E. Decker be suspended from the practice of law in Louisiana for one year and one day. Respondent is ordered to make restitution to his clients. All costs and expenses in the matter are assessed against | (¡respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. Two days prior to the disciplinary board's consideration of this matter, respondent filed a pleading entitled “Submittal by Respondent.” In this filing, respondent admitted that the facts alleged in the formal charges are true, but he nonetheless urged the board not to adopt the sanction recommended by the hearing committee. In support, respondent submitted seven letters of recommendation from his clients and friends, all attesting to respondent’s character and competency as a lawyer and his service to the community. *619 In light of the mitigating factors, respondent urged the board to consider a suspension of less than one year. The disciplinary board permitted respondent to file his ''submittal,” but citing Supreme Court Rule XIX, § 11(F), declined to consider any new evidence in respondent’s pleading which was not previously considered by the hearing committee.

. Respondent was admonished in 1998 for lack of diligence and failure to communicate in connection with a real estate matter.

. The board noted that suspension is generally appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to the client (Standard 4.62), when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to the client (Standard 4.42), and when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to the client (Standard 4.12).

. At oral argument before the board, respondent represented that he has made restitution of the unearned fee. However, there is no proof in the record to support this statement.