*1287 ATTORNEY DISCIPLINARY PROCEEDINGS
I,PER CURIAM.
This disciplinary matter arises from eight counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Willie Fred Smith, an attorney licensed to practice law in the State of Louisiana, but currently suspended.[1]
UNDERLYING FACTS
Count I — The Combs Matter
In March 1999, Lois Combs paid respondent $333 to handle an expungement matter for her daughter. Respondent neglected the matter and failed to communicate with his client. He also failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee. In June 1999, Ms. Combs filed a complaint against respondent with the ODC.
On June 16, 1999, and again on July 1, 1999, the ODC forwarded a copy of the complaint to respondent at multiple addresses. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling him to appear on October 27, 1999 and answer the complaint under oath. Respondent failed to appear.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rule 1.3 (failure to act with | ¡.diligence and promptness in representing a client), Rule 1.4 (failure to communicate with a client), Rule 1.5(f) (payment of fees in advance of services), Rule 8.1(c) (failure to cooperate with the ODC in its investigation), Rule 8.4(a) (violation of the Rules of Professional Conduct), Rule 8.4(d) (engaging in conduct prejudicial to the administration of justice), and Rule 8.4(g) (failure to cooperate with the ODC in its investigation).
*1288 Count II — The Wetherington Matter
Respondent retained Dr. G.E. Wether-ington to testify as an expert witness in a personal injury matter. Following the trial of the case in January 1999, respondent failed to pay Dr. Wetherington’s $300 fee. In July 1999, Dr. Wetherington filed a complaint against respondent with the ODC.
On July 16, 1999, and again on July 19, 1999, the ODC forwarded a copy of the complaint to respondent at multiple addresses. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling him to appear on October 27, 1999 and answer the complaint under oath. Respondent failed to appear.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rule 8.1(c), Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), Rule 8.4(d), and Rule 8.4(g).
Count III — The Williamson Matter
Respondent was retained to represent a defendant in a criminal case pending in federal court. One of his client’s co-defendants, John Hasley, was represented by attorney Kathrine Williamson, a fact of which respondent was aware. Nevertheless, | ¿respondent subsequently interviewed Mr. Hasley without obtaining Ms. Williamson’s consent to the interview. In October 1999, Ms. Williamson filed a complaint against respondent with the ODC.
The ODC subsequently served respondent with a subpoena compelling him to appear on January 12, 2000 and produce his file in the criminal case. Respondent failed to appear.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rule 4.2 (communication with a person represented by counsel), Rule 8.1(c), Rule 8.4(a), Rule 8.4(c), Rule 8.4(d), and Rule 8.4(g).

Count TV— The Gomez Matter

In 1998, Bertha Gomez paid respondent $1,000 to resolve a matter involving a timber transaction. Respondent neglected the matter and failed to communicate with his client. He also failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee. In November 1999, Ms. Gomez filed a complaint against respondent with the ODC, and in July 2000, the District Attorney of Winn Parish re-urged the complaint on behalf of Ms. Gomez.
The ODC subsequently served respondent with a subpoena compelling him to appear and produce his file in the Gomez matter. Respondent failed to appear.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rule 1.3, Rule 1.4, Rule 1.5(f), Rule 8.1(c), Rule 8.4(a), Rule 8.4(c), Rule 8.4(d), and Rule 8.4(g).
| ¿Count V — The Lewis Matter
Ms. Eddie Lewis paid respondent $300 to handle a matter involving the custody of her grandchildren. Respondent neglected the matter and failed to communicate with his client. He also failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee. In July 2000, the District Attorney of Winn Parish filed a complaint against respondent with the ODC on behalf of Ms. Lewis.
The ODC subsequently served respondent with a subpoena compelling him to appear and produce his file in the Lewis matter. Respondent failed to appear.
*1289 The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rule 1.3, Rule 1.4, Rule 1.5(f), Rule 8.1(c), Rule 8.4(a), Rule 8.4(c), Rule 8.4(d), and Rule 8.4(g).
Count VI — The Contempt Matter
Respondent was retained to handle a criminal appeal in the matter of State v. Rodney G. Hunter, No. 33,066-KA on the docket of the Court of Appeal, Second Circuit, State of Louisiana. After the record was lodged, and in accordance with the usual briefing schedules, the clerk of court notified respondent that Mr. Hunter’s brief, including written assignments of error, was to be filed on or before September 13, 1999. However, respondent failed to file the brief. On October 12, 1999, the clerk of court notified respondent that he had seven days to comply with the previous briefing order. This notice was sent by certified mail, return receipt requested, but it was returned to the court by the U.S. Postal Service marked “unclaimed.”
On November 10, 1999, a second notice of the failure to file a brief was personally served on respondent by the Winn Parish Sheriffs Office. Once again, respondent did not file a brief, and on November 29, 1999, the court of appeal issued |Ba contempt order. The Sheriffs Office made personal service of the order upon respondent on December 1, 1999. When no response to the order was forthcoming from respondent, the court directed him to appear in person on January 20, 2000 to answer charges of contempt of court. Respondent failed to appear as ordered, and the court issued a bench warrant for his arrest. The Sheriffs Office arrested respondent on January 21, 2000 pursuant to the warrant.
On January 24, 2000, respondent appeared before a three-judge panel of the court of appeal. He informed the court that he believed Mr. Hunter’s case had been abandoned by his failure to file a brief, and further indicated that there had been some problem with the payment of his fees in the case. The court informed respondent that criminal appeals may not be “abandoned” by failing to file a brief, and found him guilty of constructive contempt of court. Respondent was sentenced to thirty days in jail and fined $250 plus court costs. The jail sentence was suspended, and respondent was placed on two years of unsupervised probation, on the condition that he (1) pay the fine on or before February 7, 2000, (2) file a brief on behalf of Mr. Hunter, or a motion to dismiss the appeal, or a motion to withdraw as counsel, on or before February 7, 2000; and (3) follow the court’s orders during the period of probation.
In February 2000, the court of appeal forwarded the ODC information relating to respondent’s contempt. The ODC subsequently served respondent with a subpoena compelling him to appear on April 20, 2000 and produce his file in the Hunter ease. Respondent failed to appear.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rule 1.3, Rule 1.16 (termination of the representation), Rule 8.1(c), Rule 8.4(a), Rule 8.4(c), Rule 8.4(d), and Rule 8.4(g).
| Count VII — The Oliver Matter
Respondent was retained to handle the succession of Beatrice Robinson Oliver and Edgar Robinson Oliver, Sr. In the course of the representation, respondent purchased a tract of land belonging to the succession for the sum of $15,000. However, respondent failed to have the succession representative execute the written waiver of conflict required by the Rules of Professional Conduct. Respondent also *1290 failed to advise the succession representative that, prior to entering into the private sale, she was entitled to seek the advice of independent counsel in the transaction.
On its own motion, the ODC instituted a complaint against respondent arising out of his handling of the Oliver matter. On March 23, 2000, the ODC forwarded a copy of the complaint to respondent at multiple addresses. Respondent failed to reply to the complaint.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rule 1.8(a) (prohibited transactions between a lawyer and client), Rule 8.1(c), Rule 8.4(a), Rule 8.4(d), and Rule 8.4(g).
Count VIII — The Wyatt Matter
In May 1999, Joyce Wyatt paid respondent $350 to handle a child support matter. Respondent neglected the matter and failed to communicate with his client. In April 2000, Ms. Wyatt filed a complaint against respondent with the ODC.
The ODC subsequently served respondent with a subpoena compelling him to appear on July 19, 2000 and produce his file in the Wyatt matter. Respondent failed to appear.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rule 1.3, Rule 1.4, Rule 8.1(c), Rule 8.4(a), Rule 8.4(d), and Rule 8.4(g).
| .DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed eight counts of formal charges against respondent. Respondent failed to file an answer. Accordingly, the matter was submitted to the hearing committee on documentary evidence only.

Hearing Committee Recommendation

After reviewing the record, the hearing committee concluded the ODC proved respondent violated the professional rales as charged. On the issue of sanctions, the committee suggested the baseline is a lengthy suspension from the practice of law. However, in light of the numerous aggravating factors that are present, including prior disciplinary offenses,[2] pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and indifference to making restitution, and considering the absence of mitigating circumstances, the committee recommended respondent be disbarred.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board made the following determinations: (1) in the Combs matter, respondent neglected his client’s | slegal matter, failed to communicate with his client, failed to account for and refund an unearned legal fee, and failed to cooperate with the ODC, in violation of Rules 1.3, 1.4, 1.5(f), 8.1(c), 8.4(a), and 8.4(g); (2) in the Wetherington matter, respondent failed to cooperate with the ODC, in violation of Rules 8.1(c), 8.4(c), and 8.4(g); *1291 (3) in the Williamson matter, respondent improperly communicated with a party represented by counsel, which conduct is dishonest and prejudicial to the administration of justice, in violation of Rules 4.2, 8.4(a), 8.4(c), and 8.4(d); (4) in the Gomez matter, respondent neglected his client’s legal matter, failed to communicate with his client, and failed to account for and refund an unearned legal fee, in violation of Rules 1.3, 1.4, 1.5(f), 8.4(a), and 8.4(c); (5) in the contempt matter, respondent failed to use reasonable diligence in filing an appellate brief and failed to properly terminate his relationship with his client, which conduct interfered with the administration of justice, and failed to cooperate with the ODC, in violation of Rules 1.3, 1.16, 8.1(c), 8.4(a), 8.4(d), and 8.4(g); (6) in the Oliver matter, respondent failed to cooperate with the ODC, in violation of Rules 8.1(c), 8.4(a), and 8.4(g); and (7) in the Wyatt matter, respondent neglected his client’s legal matter, which conduct interfered with the administration of justice, and failed to communicate with his client, in violation of Rules 1.3, 1.4, 8.4(a), and 8.4(d). However, the board concluded the record did not support a finding of professional misconduct in Count V, the Lewis matter.
Turning to the issue of an appropriate sanction, the board agreed that the baseline in this case is a lengthy suspension from the practice of law. Like the committee, it concluded that respondent’s pri- or misconduct and the numerous other aggravating factors supported an upward deviation to disbarment. Accordingly, the board recommended that respondent be disbarred from the practice of law and be required to provide a full accounting and refund of any unearned fees in the Combs, Gomez, and Wyatt matters.
|Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on our independent review, we conclude the findings of the hearing committee, as modified by the disciplinary board, are supported by the record. The undisputed evidence reveals respondent has violated numerous provisions of the Rules of Professional Conduct.
Having found violations of the Rules of Professional Conduct, we now turn to a determination of an appropriate sanction for this misconduct. The purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152; Louisiana State Bar Ass’n v. Levy, 400 So.2d 1355 (La.1981). The discipline to be imposed depends upon the facts of each case and the seriousness of the *1292 offenses involved, considered in light of any aggravating |inand mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839; Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conduct is unquestionably serious in nature. On repeated occasions, he has completely neglected client matters after accepting fees. His neglect of a criminal appeal was so severe that the appellate court held him in contempt. He has also ignored various requests for information from the ODC, and has made no effort whatsoever to cooperate in the disciplinary investigation of this matter.
Numerous aggravating factors are present, including respondent’s lengthy disciplinary history. We are unable to discern any mitigating factors from the record.
Disbarment is generally appropriate when the respondent has demonstrated a “a callous disregard for the ethical standards of the legal profession.” Louisiana State Bar Ass’n v. Brown, 291 So.2d 385, 388 (La.1974). Respondent’s actions in the instant matter, combined with his prior disciplinary record, convincingly prove that he has demonstrated a callous disregard for the standards of the legal profession. Accordingly, respondent must be disbarred.
DECREE
Upon review 'of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Willie Fred Smith be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to provide complete accountings and full restitution of all unearned fees to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. We previously suspended respondent from practice for a period of one year and one day. In re: Smith, 00-2627 (La.11/27/00), 775 So.2d 1. Although respondent is eligible to seek reinstatement, he has not done so and therefore he remains suspended from the practice of law.

. In addition to the suspension imposed by this court in In re: Smith, 00-2627 (La.11/27/00), 775 So.2d 1, respondent has been admonished on two occasions. In 1998, respondent was admonished by the disciplinary board for misconduct involving neglect of his client’s legal matter, failure to refund an unearned legal fee, and failure to cooperate with the ODC in its investigation (97-ADB-079). He was also admonished in 1994 for failing to cooperate with the ODC in its investigation (94-ADB-035).