ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Willie Fred Smith, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1990. In 1994, he was admonished for failure to cooperate with the ODC. In 1998, he was admonished a second time for neglect of a legal matter, failure to account for or return an unearned fee and failure to cooperate with the ODC.
In 2000, we considered a proceeding involving eight counts of formal charges against respondent for conduct arising in 1997 and 1998. These charges alleged respondent neglected client matters, failed to communicate with clients, failed to provide an accounting and return unearned fees, failed to cooperate with ODC and practice law while ineligible to do so. After considering the record, we suspended respondent for one year and one day. In re: Smith, 00-2627 (La.11/27/00), 775 So.2d 1 (hereinafter referred to as “Smith I ”).
Less than two years later, we addressed a second disciplinary proceeding against respondent. This proceeding, arising from conduct which occurred between R1998 and 2000, involved allegations that respon *1118 dent repeatedly neglected client matters after accepting fees and failed to cooperate with the ODC. We found respondent’s actions in this matter, combined with his prior disciplinary record, proved that he demonstrated a callous disregard for the standards of the legal profession. Accordingly, we disbarred respondent from the practice of law. In re: Smith, 02-1109 (La.6/21/02), 821 So.2d 1286 (hereinafter referred to as “Smith II ”).
FORMAL CHARGES
The current proceeding against respondent arises from filed two sets of formal charges against respondent by the ODC. The first set of formal charges, consisting of two counts and bearing the disciplinary board’s docket number 02-DB-081, was filed on August 12, 2002. The second set of formal charges, consisting of' three counts and bearing the disciplinary board’s docket number 02-DB-124, was filed on December 2, 2002. The two sets of charges were consolidated by order of the hearing committee chair dated January 20, 2003.
02-DB-081

Count I

On September 1, 2000, respondent was certified ineligible to practice law in Louisiana for failing to pay his bar dues. He did not become eligible again until October 3, 2000. Nevertheless, in September 2000, respondent represented one client in a criminal matter, represented one client in a civil matter, and filed petitions for divorce for two other clients. In October 2000, the district attorney and a judge in Winn Parish filed complaints against respondent with the ODC. Respondent failed to | ^cooperate in the ODC’s investigation of the complaints filed in connection with these matters.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 5.5(a) (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration- of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).

Count II

Respondent was certified ineligible to practice law in Louisiana for failing to pay his bar dues from September 30 through October 24, 1994, from September 6 through September 22, 1995, and from January 1 through July 12, 1996. Nevertheless, during these time periods, respondent represented clients in both criminal and civil matters on twenty-nine occasions. In April 2001, a judge in Winn Parish filed a complaint against respondent with the ODC. Respondent failed to cooperate in the ODC’s investigation of the complaint.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 5.5(a), 8.1(c), 8.4(a), 8.4(d), and 8.4(g).
02-DB-124
Count I — The Johnson Matter
In 1997, Jerry Johnson retained respondent in a collection matter.[1] After obtaining a judgment in favor of Mr. Johnson in February 1999, respondent agreed to Lpursue collection and accepted $150 for filing fees. In March 2001, after respondent failed to do any work or communicate with his client, Mr. Johnson requested that *1119 respondent return his file and provide an accounting. Respondent did neither. Respondent also did not inform Mr. Johnson that he was suspended from the practice of law in November 2000. In April 2001, Mr. Johnson filed a complaint against respondent with the ODC. Respondent provided a sworn statement on March 7, 2002, but he failed to cooperate in the ODC’s investigation by not responding to correspondence and ignoring the ODC’s second subpoena.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence- and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(c) (contingent fee arrangements), 1.15(b) (safekeeping property of clients or third persons), 1.16(d) (obligations upon termination of the representation), 8.1(c), 8.4(a), and 8.4(g).
Count II — The Futrell Matter
In May 2000, Shirley Futrell retained respondent to handle an adoption. Respondent accepted a total fee of $700 for the entire matter, which Ms. Futrell paid. Respondent filed the Petition for Adoption but did not pay the filing fee out of the $700 as agreed. After several months with no progress in the adoption, respondent stopped communicating with Ms. Fut-rell.[2] In September 2001, Ms. Futrell filed a complaint against respondent with the ODC. Respondent provided a sworn statement on March 7, 2002, but he failed to cooperate in the ODC’s investigation by not providing a copy of Ms. Futrell’s file.
| ¡¡The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.15(b), 1.16(d),-8.1(c), 8.4(a), and 8.4(g).
Count III — The Snow Matter
After filing for bankruptcy, Louis Snow retained respondent to handle the sale of his property to pay off his creditors. With the -proceeds from the sale, respondent paid off all of Mr. Snow’s creditors except one. In September 2001, this creditor obtained a judgment against Mr. Snow. Mr. Snow requested an accounting of- creditor payments, but respondent, never provided one. In November 2001, a Winn Parish judge filed a complaint on behalf of Mr. Snow with the ODC. Respondent provided a sworn statement on March 7, 2002, but he failed to cooperate, in the ODC’s investigation by not providing a copy of Mr. Snow’s file, or a copy of his trust account bank statements.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3,1.4,1.15, 8.1(c), 8.4(a), and 8.4(g).
DISCIPLINARY PROCEEDINGS
Respondent failed to answer or otherwise reply fo the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the -hearing committee written arguments and documentary evidence on the issue of sanctions.
| shearing Committee Recommendation
After consideration of the ODC’s submission in response to the deemed admit *1120 ted order,[3] the hearing committee found respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee found no mitigating factors in this case. As aggravating factors, it recognized respondent’s prior disciplinary record (including his suspension in Smith I and his disbarment in Smith II) and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency.
The committee observed that the instant misconduct occurred during the same time as the misconduct at issue in Smith II. Citing Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), the committee recommended that the current violations be added to respondent’s disciplinary file for consideration in the event he applies for readmission.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found the findings of the committee are supported by the deemed admitted facts. The board concluded that respondent violated duties owed to his clients, the public, the legal system, and the profession. The board further determined that respondent acted intentionally. Respondent caused harm to Mr. Snow by converting his funds and allowing a judgment to be taken against him. Respondent also neglected clients and failed to 17provide accountings. Finally, by practicing law while ineligible, respondent harmed both the legal system and his clients.
The board agreed with the aggravating factors found by the hearing committee and added the following factors: dishonest or selfish motive, pattern of misconduct, multiple offenses, vulnerability of victims, and indifference to making restitution. The board also agreed that no mitigating factors are present.
Turning to the issue of an appropriate sanction, the board determined that respondent’s misconduct in this matter warrants disbarment. However, the board noted that most of the misconduct occurred before or in the same time frame as the misconduct at issue in Smith II. Accordingly, citing Chatelain, the board recommended that respondent be adjudged guilty of additional violations warranting disbarment, to be considered if he should ever apply for readmission. Additionally, the board recommended that respondent be ordered to make restitution and/or provide accountings to his victims. Finally, the board recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case establish that respondent has violated numerous provisions of the Rules of Professional Conduct. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the ^integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon *1121 the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As the disciplinary board observed, the substantive misconduct at issue in this case occurred before or in the same time frame as the misconduct forming the basis of respondent’s disbarment in Smith II. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when the underlying conduct occurs within the same period as the misconduct forming the basis of a previous disbarment, the discipline imposed should be determined as if both proceedings were before the court simultaneously. Applying this procedure in Chatelain, we declined to extend the minimum period for readmission. Instead, we adjudged the respondent guilty of additional violations warranting disbarment which were added to his record for consideration in the event he applied for readmission after becoming eligible to do so. See also In re: Patrick, 01-1419 (La.3/15/02), 815 So.2d 804; In re: Gros, 98-0772 (La.3/15/02), 815 So.2d 799; In re: Parker, 00-3532 (La.3/15/02), 815 So.2d 794.
In determining an appropriate sanction in the instant case, we believe the approach of Chatelain is instructive. Accordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if these charges had been before the court at the same time as the charges in respondent’s previous disciplinary proceeding.
Had the instant charges been filed simultaneously with those charges forming the basis of respondent’s earlier disbarment, they would have only reinforced our view that respondent lacks the moral fitness , to practice law and must be disbarred, both as 19a sanction for his misconduct and to protect the public. Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. We further emphasize that although respondent may have a procedural right to apply for readmission, this court retains absolute discretion to grant or deny such an application. In light of respondent’s lengthy history of egregious misconduct, this court will carefully scrutinize any application for readmission with a critical eye. ■
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Willie Fred Smith be adjudged guilty of additional violations which warrant -disbarment and which may be considered in the event he applies for readmission from his' disbarment in In re: Smith, 02-1109 (La.6/21/02), 821 So.2d 1286, after becoming eligible to do so. It is further ordered that respondent shall pay restitution and/or provide accountings to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent agreed to represent Mr. Johnson on a contingency fee basis but failed to negotiate a written contingency fee contract with Mr. Johnson.

. Ms. Futrell indicated in her original complaint that respondent had closed his office, turned off his phone, closed his post office box, and had no contact with her regarding the progress of her case.

. Respondent filed nothing for the hearing committee's consideration.