| ATTORNEY DISCIPLINARY PROCEEDINGS.
PER CURIAM *
This attorney disciplinary matter stems from two sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Clayton V. Bankston, an attorney licensed in Louisiana.
UNDERLYING FACTS

Sears Matter

In July 1996, respondent issued two checks in the respective amounts of $400 and $425 to the Village Gallery and Frame Shoppe in Pleasant Valley, New York. Subsequently, respondent’s bank returned the checks for insufficient funds. Respondent failed to satisfy his debt, despite numerous promises to do so. As a result, Village Gallery and Frame Shoppe retained David Sears, a New York attorney, to assist in the recovery of the funds.
On March 22, 1999, Mr. Sears filed a complaint against respondent with the ODC. Respondent failed to cooperate in the ODC’s investigation of this complaint, despite receiving notice of the complaint.

19Battste Matter

In January 1999, Winenell Batiste retained respondent to represent him in a pending legal matter in which a creditor sought to seize Mr. Batiste’s automobile. Mr. Batiste paid respondent $300 and $375 for attorney’s fees and court costs, respectively. Respondent filed a pleading on behalf of his client and paid only $41 in court costs. Subsequently, the court ordered the seizure of Mr. Batiste’s vehicle. Respondent failed to communicate ■ the court’s order to his client and instead misrepresented to Mr. Batiste the court had granted a two-week continuance.
Upon learning of the seizure of his car, Mr. Batiste requested respondent refund the unused court costs, approximately $334. Respondent failed to comply with his client’s request.
On September 1, 1999, Mr. Batiste filed a complaint with the ODC advising of respondent’s misconduct. The ODC for *1264 warded copies of the complaint to respondent by certified mail at his address in Metairie, Louisiana and at another address in Hunnington, New York. Both letters were returned with the written notation “unclaimed.” Another notice of the complaint forwarded to respondent on April 5, 2000 was returned to the ODC with the written notation “return to sender.”
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed one count of formal charges against respondent arising out of the Sears matter asserting violations of Rules 8.1(c) (failure to cooperate with the ODC in its investigation) and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct. The ODC filed a second set of formal charges consisting of one count arising out of the Batiste I ¡¡matter asserting violations of Rules 1.4 (failure to keep client reasonably informed about the case and to provide client with sufficient information to participate in decisions concerning the representation), 1.5 (failure to provide an accounting and to refund unused costs), 8.1(c) (failure to cooperate with the ODC in its investigation) and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
The charges were served on respondent by certified mail at a Syosset, New York address. Respondent failed to file an answer. Accordingly, no formal hearing was conducted, and the matter was submitted to the hearing committee on documentary evidence and written argument.
In support of its case, the ODC presented copies of the complaints, the clerk of court’s certified assessment of court costs and the accompanying pleadings in the Batiste matter. It also introduced the letters forwarded to respondent that were returned as unclaimed, as well as the certified mail receipts evidencing respondent’s receipt of correspondence from the ODC. Respondent failed to appear at the hearing, and did not submit evidence for the committee’s consideration.

Recommendation of the Hearing Committee

Upon reviewing the documentary evidence, the hearing committee determined respondent violated the professional rules as charged. Specifically, it concluded respondent knowingly violated duties to his client, the profession and the disciplinary system. Relying on Standards 4.42 and 7.2 of the ABA’s Standards for Imposing Lawyer Sanctions[1], the committee concluded suspension was the baseline sanction.
14As aggravating factors, the committee recognized the presence of a dishonest or selfish motive, multiple offenses, bad faith obstruction of disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law (admitted in 1982) and indifference to making restitution. The committee found no mitigating factors.
Based on these findings, the committee recommended respondent be suspended from the practice of law for a period of one year and one day, subject to a one year *1265 period of probation, with full restitution of the unearned fee and unused costs owed to Mr. Batiste.

Recommendation of the Disciplinary Board

The disciplinary board adopted the committee’s findings and recommendation in all respects. The board noted respondent knowingly violated duties owed to Mr. Batiste by failing to provide a full accounting, failing to refund $334 for unused costs and failing to communicate with Mr. Batiste about the court’s judgment. It further determined respondent knowingly breached his duties owed as a professional and to the legal system through his failure to cooperate in the disciplinary proceedings. With regard to the actual injury caused to his clients, the legal system and to the profession, the board pointed out respondent failed to inform Mr. Batiste about the judgment authorizing the seizure of the vehicle or about any alternative legal options, failed to return unused costs to his client and failed to cooperate with the ODC in the entire disciplinary process.
|,-In addressing the issue of sanctions, the board accepted the aggravating factors found by the committee. It determined respondent’s steadfast refusal to participate in the disciplinary process by itself warranted a substantial suspension. Accordingly, the board adopted the recommendation of the committee and proposed imposition of a one year and one day suspension, followed by a one year period of probation with full restitution to Mr. Batiste of any unearned fees and unused court costs.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the disciplinary board’s conclusion that respondent knowingly failed to communicate with his client, failed to account for and refund unearned fees and/or unused costs to his client and failed to cooperate with the ODC. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conduct has caused actual harm to Mr. Batiste by depriving him of his funds for a substantial time. Likewise, respondent’s failure to cooperate in the | (¡investigation of the Sears and Batiste matters has impaired the efficient operation of the disciplinary process, causing harm to the legal profession as a whole.
Under similar circumstances, this court has imposed suspensions of one year and one day. See In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Powers, 98-2826 (La.1/29/99), 731 So.2d 185; In re: Kendrick, 98-0623 (La.4/3/98), 710 So.2d 236. Given the numerous aggravating factors present in this case and the lack of any mitigating factors, we see no justification for imposing a lesser sanction.
Accordingly, we will accept the recommendation of the disciplinary board and suspend respondent from the practice of law for a period of one year and one day (which will necessitate an application for reinstatement), followed by a one year pe *1266 riod of probation. We will farther order respondent to make full restitution to Mr. Batiste of any unearned fees and unused costs.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is the decision of this court that the recommendation of the disciplinary board be accepted. Accordingly, respondent is suspended from the practice of law for a period of one year and one day, followed by a one year period of probation. Respondent is further ordered to make full restitution to Mr. Batiste. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence |7thirty days from the date of the finality of this court’s judgment until paid.

 Retired Judge Robert T. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. Standard 4.42 provides "[sjuspension is generally appropriate when: (a) a lawyer fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.”
Standard 7.2 provides "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potentially serious injury to a client, the public, or the legal system.”