ATTORNEY DISCIPLINARY PROCEEDINGS
liPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Clayton V. Bankston, Jr. Respondent is currently suspended from the practice of law based on unrelated misconduct. In re: Bankston, 01-1352 (La.6/29/01), 791 So.2d 1263 (“Bankston I”).
UNDERLYING FACTS
In 1998, the family of Tonka Haynes paid respondent $6,000 to represent Mr. Haynes in a criminal matter. Specifically, it was agreed that respondent would handle the appeal of Mr. Haynes’ conviction of attempted second-degree murder, and if *1188 necessary, file an application for post-conviction relief on his behalf.[1]
Respondent filed the appeal on behalf of Mr. Haynes sometime in 1998. Thereafter, respondent did nothing further in the case, nor did he communicate with Mr. Haynes. The court of appeal affirmed Mr. Haynes’ conviction and sentence on February 28, 1999. State v. Haynes, 98-588 (La.App. 5th Cir.2/23/99), 729 So.2d 104. Respondent did not inform Mr. Haynes of the court of appeal’s decision.
^Subsequently, respondent did not file any post-conviction proceedings on behalf of Mr. Haynes. Additionally, he failed to account for any earned portion of his legal fee and failed to refund the unearned portion of the fee.
During its investigation of the complaint filed by Mr. Haynes, the ODC obtained information from the Louisiana State Bar Association indicating that respondent had been ineligible to practice law since August 1, 1999. The ineligibility was based on his failure to comply with the mandatory continuing legal education requirements.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed one count of formal charges against respondent, alleging that he violated the following provisions of the Louisiana Rules of Professional Conduct: Rules 1.1(b) (failure to comply with the mandatory continuing legal education requirements), 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 1.5(f)(6) (failure to refund an unearned fee).[2]
Respondent was personally served with the formal charges. He filed an answer generally denying any misconduct in connection with his handling of the Haynes matter, but admitting his failure to complete his mandatory continuing legal education requirements for the year 2000.
This matter proceeded to a formal hearing on the merits. Mr. Haynes testified before the hearing committee by telephone, and the ODC called two witnesses, both | ^family members of Mr. Haynes, to testify in person. The ODC also introduced documentary evidence in support of the formal charges. Despite notice, respondent did not appear at the hearing.

Hearing Committee Recommendation

After reviewing the record of this matter, the hearing committee made the following factual findings:
*1189 1. Respondent is a Louisiana attorney, having been admitted to practice in 1982.
2. In January 1998, respondent was hired to pursue the appeal of the criminal conviction of Tonka Haynes and, if necessary, post conviction relief.
3. Mr. Haynes’ family paid respondent $6,000.00.
4. It was understood by Mr. Haynes and his family that the $6,000.00 retainer included post conviction relief (although not a part of the written contract), as well as the appeal of this criminal conviction.
5. The appeal was filed but respondent did not respond to his client’s attempts to communicate with him. Even after the appeal was denied, respondent did not notify Mr. Haynes who independently received notice of it (apparently from the Court).
6. After Mr. Haynes received notice that his appeal was denied, respondent failed to respond to inquiries and relocated his office without telling Mr. Haynes or his family how to reach him.
7. Despite not following through with the post conviction relief, respondent failed to return any of the unearned legal fees or provide an accounting. In his answer to the formal charges, respondent claims he earned the fees but did not describe how the funds were expended.
8. Respondent admitted in his answer that he failed to comply with Continuing Legal Education requirements for 2000.
|4Based on these factual findings, the committee determined respondent violated the Rules of Professional Conduct as charged in the formal charges. The baseline sanction for respondent’s misconduct is a suspension from the practice of law. The only aggravating factor recognized by the committee was respondent’s prior disciplinary record in Bankston I; the committee did not recognize any mitigating factors. For these reasons, the committee recommended respondent be suspended for two years and one day, with one year deferred, followed by a period of probation with conditions.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board generally concurred in the hearing committee’s factual findings and its application of the Rules of Professional Conduct. The board found that respondent knowingly violated duties owed to his client and to the profession. Mr. Haynes was harmed by respondent’s knowing neglect of his legal matter, his failure to reasonably communicate with him, and his failure to promptly refund any unearned portion of the legal fee he was paid. Respondent’s misconduct jeopardized Mr. Haynes’ post-conviction efforts and delayed resolution of his case. Respondent’s failure to promptly provide an accounting to Mr. Haynes or to promptly refund any unearned portion of the fees received from him potentially deprived Mr. Haynes of funds rightfully owed him. The board agreed that the baseline sanction for respondent’s misconduct is a suspension from the practice of law.
IrAs aggravating factors, the board recognized the vulnerability of the victim and respondent’s substantial experience in the practice of law (admitted 1982). The board agreed no mitigating factors are present.
*1190 The board pointed out that the misconduct in the instant case occurred within the same time frame as the 1999 misconduct at issue in Bankston I. Citing In re: Vaughan, 01-1948 (La.10/26/01), 801 So.2d 1058, and Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), the board concluded that because the misconduct occurred during the same time as the misconduct in Bankston I, the discipline to be imposed should be determined as if both cases had been charged together. After reviewing the prior jurisprudence of this court, the board determined that had the misconduct in Bankston I been considered together with the instant misconduct, the appropriate discipline would have been a two-year suspension..
Based on this reasoning, the board recommended that respondent be suspended from the practice of law for two years, to run concurrently with the suspension imposed in Bankston I. The board also recommended that respondent provide an accounting to Mr. Haynes, and if appropriate, return the unearned fees. Finally, the board recommended that all costs and expenses of these proceedings be assessed against respondent, with legal interest to commence thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The record supports a finding that respondent neglected his client’s legal matter, failed to communicate with his client, and failed to promptly account for and refund | ¿¡unearned legal fees. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As the disciplinary board observed, the misconduct in the instant matter occurred within the same general time frame as the misconduct in Bankston I. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470, 471 n. 2 (La.1991), we explained that “[wjhen a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.” Therefore, it is appropriate to analyze the instant misconduct together with the misconduct in Bankston I and determine an overall sanction as if both proceedings had been before the court simultaneously.
The misconduct in Bankston I primarily involved failure to communicate with a client and failure to return client funds. The instant matter involves the same type of misconduct. In cases involving multiple instances of neglect, failure to communicate, and failure to refund unearned fees, this court has imposed lengthy suspensions. See, e.g., In re: Szuba, 01-1877 (La.10/5/01), 797 So.2d 41 (two-year suspension imposed on an attorney with a prior disciplinary record who neglected multiple legal matters, failed to *1191 communicate with his clients, and failed to return client property).
17Thus, considering the instant charges together with Bankston I, we believe the appropriate overall discipline is a two-year suspension from the practice of law. Accordingly, we will accept the disciplinary board’s recommendation and impose a two-year suspension, to run concurrently with the suspension we previously imposed in Bankston I.[3]
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Clayton V. Bankston, Louisiana Bar Roll number 2737, be suspended from the practice of law for a period of two years. The suspension shall run concurrently with the suspension imposed in In re: Bankston, 01-1352 (La.6/29/01), 791 So.2d 1263. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent’s retainer agreement does not specifically mention post-conviction relief. Rather, the agreement provides that respondent will render legal services on Mr. Haynes’ behalf "in the defense of criminal charges filed by District Attorney Parish of Jefferson and charging Client with Attempted Murder, Multiple Offender Sentence Enhancement for purposes of Application for New Trial if possible, Appeal from both to 5th Circuit Court of Appeal.” Nevertheless, it was clear from testimony at the formal hearing that Mr. Haynes and his family understood the post-conviction process was part of the representation. Furthermore, in an October 5, 1998 letter to Mr. Haynes, respondent confirmed that "PCR [post-conviction relief] is how we will handle the issue of inadequate representation.”

. The ODC also alleged that respondent failed to cooperate in the investigation of the complaint filed by Mr. Haynes, in violation of Rules 8.1(c) and 8.4(g), because he did not respond to the complaint. In fact, although the ODC attempted to send respondent notice of the complaint at four different addresses, none of these addresses was current, and hence none of the mail actually reached respondent. This error was the fault of neither respondent nor the ODC. Accordingly, the disciplinary board found (and we agree) there is no failure to cooperate on respondent’s part.

. Although respondent has served his suspension in Bankston I, he has not yet applied for reinstatement. The effect of our judgment is that he will not be eligible to seek reinstatement until one year has passed from the finality of the instant judgment.