ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from two sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Sheila Ann Wharton, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Two sets of formal charges were filed against respondent by the ODC. The first, bearing the disciplinary board’s docket number 01-DB-034, was filed on April 4, 2001 and encompasses four counts of misconduct. The' second set of formal charges, 02-DB-013, was filed on February 7, 2002 and encompasses three counts of misconduct. The two sets of formal charges were considered by separate hearing committees, then consolidated by order of the disciplinary board on April 14, 2003) On June 25, 2003, the disciplinary board filed in this court a single recommendation of discipline encompassing both matters involving respondent.
Ol-DB-OSk .
Count I — The Thornton Matter
In October 1996, Mary Thornton retained respondent to represent her in a divorce proceeding. Ms. | ¡/Thornton paid respondent $365 to handle the matter. Ms. Thornton .thereafter had difficulty communicating with respondent, and on February 10, 1998, she filed a complaint with the ODC.
*460 Respondent filed a response to the complaint in which she indicated that she had filed Ms. Thornton’s divorce petition in April 1997. However, the court record revealed that the petition was not actually filed until February 13, 1998. Ms. Thornton eventually obtained a divorce in proper person.
The ODC alleged respondent’s conduct violated the following provisions of the Louisiana Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Count II — The Arkansas Matter
In August 1996, Stephanie Arkansas retained respondent to represent her in a divorce proceeding. Ms. Arkansas paid respondent more than $600 to handle the matter. The pleadings were filed and served on the defendant, and when he failed to answer the petition, the court entered a preliminary default. However, respondent took no further action in the matter, and Ms. Arkansas eventually discharged respondent. Respondent failed to account for any earned portion and to refund the unearned portion of the legal fee Ms. Arkansas paid. In June 1998, Ms. Arkansas filed a complaint against respondent with the ODC.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, and 1.5(f)(6) (failure to refund an unearned fee).
IsCount III — The Barkman Matter
In March 1998, Michelle Barkman retained respondent to represent her in a child custody proceeding. Ms. Barkman paid respondent $1,500 to handle the matter. However, respondent filed no pleadings on her client’s behalf, even after Ms. Barkman was served with a rule involving several contested issues. On July 1, 1998, Ms. Barkman discharged respondent. Respondent failed to account for any earned portion and to refund the unearned portion of the legal fee Ms. Barkman paid. In August 1998, Ms. Barkman filed a complaint against respondent with the ODC.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 and 1.5(f)(6).
Count IV — The Grady Matter
Kimberly Grady "paid respondent $475 to represent her in a divorce proceeding. Respondent filed the petition, but never obtained the divorce for Ms. Grady, who eventually obtained a divorce in proper person. Respondent failed to account for any earned portion and to refund the unearned portion' of the legal fee Ms. Grady paid. In October 1998, Ms. Grady filed a complaint against respondent with the ODC.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 and 1.5(f)(6).

02-DB-013

Count I — The Cameron Matter
In 1998, Milton and Kris Cameron retained respondent to handle an intrafamily adoption proceeding. Mr. and Mrs. Cameron attempted to contact respondent on numerous occasions, to no avail. The adoption was filed in 2000, but remains | incomplete primarily due to respondent’s failure to move the case forward. Furthermore, respondent failed to cooperate with the ODC in its investigation of the complaint filed by Mr. and Mrs. Cameron.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, *461 1.4, 8.1(e) (failure to cooperate with the ODC in its investigation), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Count II — The Pardue Matter
In August 2000, Mr. and Mrs. Willard Pardue paid respondent $130 to revise their wills. Five months later, the revisions had not been completed. The Par-dues requested that respondent refund the legal, fee she received, but respondent did not comply with this request. Furthermore, respondent failed to cooperate with the ODC in its investigation of the complaint filed by Mr. and Mrs. Pardue.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.5(f)(6), 8.1(c), and 8.4(g).
Count III — The Holland Matter
In July 2000, Christopher and Kathryn Holland retained respondent to represent them in a bankruptcy proceeding. The Hollands paid respondent $675 to handle the matter. Mr. and Mrs. Holland had difficulty communicating with respondent, and as of November 2000, the bankruptcy had not been completed. The Hollands discharged respondent in March 2001 and requested a refund of the legal fee they paid. Respondent did not comply with this request. Furthermore, respondent failed to |ficooperate with the ODC in its investigation of the complaint filed by Mr. and Mrs. Holland.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4,1.5(f)(6), 8.1(c), and 8.4(g).
DISCIPLINARY PROCEEDINGS
Respondent failed to answer or otherwise reply to the two sets of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration in either matter.
In its submission in 01-DB-034, the ODC argued that .respondent primarily violated duties owed to her clients. In each instance, respondent neglected her client’s case, failed to communicate with her client, and failed to refund -the unearned fee she was paid. The ODC contended that the baseline sanction for this conduct is a suspension from the practice of law. The ODC suggested numerous aggravating factors are present in this case, including dishonest or selfish motive, a pattern.of ■misconduct, multiple offenses, submission of false evidence, false statements, or other deceptive practices during the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (admitted 1972), and indifference to making restitution. The only mitigating factor identified by the ODC is the absence of a prior disciplinary record. Under these circumstances, the ODC recommended respondent serve a period of suspension.
|fiIn its submission in 02-DB-013, the ODC argued that respondent’s misconduct was negligent and knowing, and caused injury to her clients. The ODC contended that the'baseline sanction for this conduct is a suspension from the practice of law. In light of the aggravating factors present, including a pattern of misconduct, bad faith obstruction of the disciplinary proceeding, and substantial experience in the practice of - law, the ODC recommended respondent serve a period of suspension.-

*462
Hearing Committee Recommendations

Ol-DB-OSJp

Based on the facts that were deemed admitted, the hearing committee found that respondent violated the Rules of Professional Conduct as charged in the formal charges. Considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction for respondent’s misconduct is a suspension from the practice of law. In aggravation, the committee recognized multiple offenses, bad faith obstruction- of the disciplinary proceeding, submission of false statements during the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution. The committee found no mitigating circumstances are present. Noting the similarity of the misconduct at issue in this case as com-* pared with In re: Boudreau, 00-3158 (La.1/5/01), 776 So.2d 428, for which the respondent received a three-year suspension, the committee recommended that respondent be suspended from the practice of law for 'three years. -

02-DB-013

Based on the facts that were deemed admitted, the hearing committee found that respondent violated the Rules of Professional Conduct as charged in the formal |7charges. Considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction for respondent’s misconduct is a suspension from the practice of law. Under the circumstances, the committee recommended that respondent be suspended from the practice of law for three months.
No objections were filed to the recommendation of the hearing committee in either matter.

Disciplinary Board Recommendation

After reviewing the consolidated matters, the disciplinary board agreed that respondent violated the Rules of Professional Conduct as charged in both sets of formal charges. The board found that on multiple occasions, respondent knowingly and intentionally violated, duties owed to her clients. Respondent failed to perform services for her clients, thereby jeopardizing their legal matters and delaying resolution of their cases. With regard to the Thornton matter (Count I of 01-DB-034), respondent compounded the harm by deliberating leading her client to believe that her legal matter had been filed, when in fact it had not been filed. Finally, respondent’s failure to refund any unearned portion of the fees received from her clients continues to deprive the clients of funds rightfully owed them. The board determined the baseline sanction for this misconduct is a suspension from the practice of law.
As aggravating factors, the board recognized a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding, and submission of false statements during the disciplinary process. In mitigation, the board recognized that respondent has no prior disciplinary record.
1 ^Relying on the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence, the board concluded that a thrée-year suspension is appropriate discipline for respondent’s misconduct. Accordingly, the board recommended that respondent be suspended from the practice of law for three years. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running -thirty days from the date of finality of the court’s judgment until paid.
*463 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case establish that respondent has failed to communicate with her clients, neglected the legal matters she was retained to handle, failed to refund unearned legal fees, and failed to cooperate with the ODC in its investigation. The sole issue presented for the court’s consideration is the appropriate sanction for respondent’s misconduct.
In fashioning an appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
|9In prior cases involving similar misconduct, this court has imposed sanctions ranging from disbarment to fully deferred suspensions. After reviewing the record in its entirety, we find the aggravating factors present in this case support a lengthy suspension from the practice of law. While respondent has no prior disciplinary record, she has engaged in a pattern of misconduct that has caused actual harm to her clients. Furthermore, she has displayed surprising indifference to rectifying the consequences of her misconduct. Based on this reasoning, we conclude the three-year suspension recommended by the disciplinary board is an appropriate sanction for respondent’s misconduct.
Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for three years.
DECREE
Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the record filed herein, it is ordered that Sheila Ann Wharton, Louisiana Bar Roll number 13391, be suspended from the practice of law for three years. It is further ordered that respondent make full restitution to her clients of any unearned legal fees. All costs and expenses in these matters are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.