h KNOLL, Justice,
dissenting.
I believe the six-month suspension with all but one month deferred imposed by the majority in the case sub judice is unduly lenient in light of the egregious facts of this case. This court has frequently imposed lengthy suspensions in cases involving multiple instances of neglect of client matters, failure to communicate and failure to refund unearned fees. See, e.g., In re: Wharton, 03-1816 (La.10/17/03), 872 So.2d 459 (three-year suspension); In re: Bankston, 03-1082 (La.10/3/03), 856 So.2d 1187 (two-year suspension); In re: Szuba, 01-1877 (La.10/5/01), 797 So.2d 41 (two-year suspension).
I find it particularly disturbing that respondent has failed to produce any credible evidence that he has refunded the unearned fee in the Allen matter. Although respondent asserted he sent Ms. Allen a money order in the amount of the unearned fee, he produced no documentation in support. The hearing committee made a factual determination that his version of events was not credible. Nonetheless, in oral argument before this court, respondent continued to adhere to this fanciful story, which I find borders on misrepresentation to the court.
Respondent’s misconduct, combined with his prior disciplinary record dating back to 1996, justifies a lengthy suspension from the practice of law. Accordingly, I respectfully dissent from the majority opinion.