*1024 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, William E. Decker, a suspended attorney.
DISCIPLINARY BACKGROUND
Respondent was admitted to the practice of law in Louisiana in 1979. He was suspended by this court for one year and one day in In re: Decker, 01-0968 (La.6/22/01), 790 So.2d 617 (“Decker I ”), for neglecting a succession matter, failing to communicate with his client, failing to provide an accounting or refund unearned fees, and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. He has not yet sought reinstatement from this suspension.
FORMAL CHARGES
In May 1999, Elizabeth Quinn hired respondent to handle her husband’s succession. She paid respondent a total of $5,500 to complete the succession, but he failed to do any work on the matter. For approximately two years, Ms. Quinn repeatedly requested status updates from respondent, who advised her each time that nothing had been done.
pin May 2001, Ms. Quinn sent respondent a certified letter requesting an accounting. Respondent failed to respond to this request or refund the unearned fees. Thereafter, Ms. Quinn filed a disciplinary complaint against respondent with the ODC. He failed to respond to the notice of the complaint. Furthermore, respondent failed to notify Ms. Quinn of his suspension imposed in Decker I.
The ODC alleges that respondent’s conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.5 (fee arrangements), 1.15 (safekeeping property of clients or third parties), 8.1(c) (failure to cooperate with the ODC in its investigation),[1] and 8.4(c) (engaging in conduct *1025 involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
On November 3, 2003, the ODC filed one count of formal charges against respondent. The formal charges were served upon respondent by certified mail. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
| .¿Hearing Committee Recommendation
After considering the ODC’s submission in response to the deemed admitted order, the hearing committee determined that respondent violated Rules 1.3, 1.5, 1.15, and 8.4(c) of the Rules of Professional Conduct. However, the committee determined that respondent did not violate Rule 8.1(a) because the record contains no evidence that he knowingly made a false statement in connection with this disciplinary matter.
The committee further determined that the baseline sanction for respondent’s misconduct is suspension according to the ABA’s Standards for Imposing Lawyer Sanctions. The following aggravating factors are present: prior disciplinary offenses,[2] multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally fading to comply with rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (admitted 1979), and indifference to making restitution. The committee found that no mitigating factors are present.
Considering the above findings and the standards set forth in Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), the committee recommended that respondent be suspended from the practice of law for three years.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board determined that respondent violated Rules 1.3, 1.5, and 8.4(c) of the Rules of Professional Conduct. Respondent failed to take any steps to complete the succession of Ms. Quinn’s husband. ^Respondent failed to provide Ms. Quinn with the requested accounting or refund the unearned fees. He also misrepresented to Ms. Quinn on several occasions that he would complete the succession by a certain date and was almost finished when in fact he had not worked on it. The board also determined that respondent did not violate Rules 1.15, which it stated was inapplicable to this matter, and 8.1(a).
Based on the above findings, the board determined that respondent knowingly violated duties owed to his client, causing her actual harm by unduly delaying her husband’s succession proceedings. He further harmed her by falsely informing her that the succession would be completed by a certain date and then failing to complete the work. Finally, he caused harm in that he failed to provide an accounting or refund the unearned portion of Ms. Quinn’s fee.
*1026 The board found that the following aggravating factors are present: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, substantial experience in the practice of law, and indifference to making restitution. The board also determined that no mitigating factors are present.
The board agreed with the committee that suspension is the baseline sanction. The board also determined that case law establishes a range of sanctions from a three-year suspension to disbarment for similar misconduct.
In recommending an appropriate sanction, the board stated the following:
In the matter at hand, numerous aggravating factors are present, including respondent’s prior disciplinary history for similar misconduct. The respondent’s conduct also shows an apparent disregard for his professional obligations in this state, as evidenced by his failure to participate in these proceedings and his failure to fulfill his mandatory continuing legal education responsibilities[3] Accordingly, the Board will deviate upward from the baseline sanction of suspension ....
| ¡-Rased on this reasoning, the board recommended that respondent be disbarred. The board also recommended respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case support a finding that respondent violated Rules 1.3, 1.5, 8.1(c), and 8.4(c) of the Rules of Professional Conduct. He took $5,500 from Ms. Quinn to complete her husband’s succession, then failed to perform any work for the next two years. When Ms. Quinn requested an accounting, respondent failed to respond. Despite doing no work at all, he also failed to refund the $5,500 unearned fee. Furthermore, respondent did not respond to the complaint Ms. Quinn filed against him and did not inform her that he was suspended from the practice of law. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Clearly, respondent violated duties owed to his client, which caused delay of the succession and deprived Ms. Quinn of her $5,500. Respondent also violated ^duties owed as a professional by not cooperating with the ODC in its investigation or participating in these proceedings. Undoubtedly, he acted knowingly, if not intentionally. The baseline sanction for this misconduct is a period of suspension.
Several significant aggravating factors are present in the instant case, including respondent’s prior one year and one day suspension in Decker I for nearly identical *1027 misconduct.[4] Additionally present are a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. There are no mitigating factors.
Considering the numerous aggravating factors present, respondent’s prior suspension, and the $5,500 unearned fee that still has not been refunded, we cannot say the board’s recommendation of disbarment is inappropriate. Accordingly, we will disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that William Edwin Decker, Louisiana Bar Roll number 4793, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. Respondent is ordered to provide a complete accounting to Elizabeth Quinn and refund the unearned portion of the legal fee he was paid in the matter. All costs and expenses in the matter are assessed against |7respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The ODC actually cited Rule 8.1(a) (knowingly making a false statement of material fact in connection with a disciplinary matter). However, this appears to be a typographical error as the rule was referenced in connection with respondent’s failure to respond to Ms. Quinn's complaint.

. In addition to his suspension imposed in Decker I, respondent was admonished by the disciplinary board in 1998 for neglecting a legal matter.

. Respondent has been ineligible to practice law since August 3, 2002 for failing to comply with the mandatory continuing legal education requirements.

. At first glance, it could be argued that this case falls under Louisiana State Bar Assn v. Chatelain, 573 So.2d 470 (La.1991). However, careful examination indicates that although respondent was retained by Ms. Quinn in 1999, which was close in time to the 1998 misconduct at issue in Decker I, the bulk of the misconduct in the instant case occurred between 2000-2001.