*312 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
_JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Sheila Wharton, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1972. In 2003, this court considered a proceeding involving two sets *313 of formal charges against respondent for misconduct that occurred between 1996 and 2000. These charges alleged that respondent failed to communicate with clients, neglected legal matters, refused to refund unearned fees, and failed to cooperate with the ODC in its investigation. After considering the record, we imposed a three-year suspension. In re: Wharton, 03-1816 (La.10/17/03), 872 So.2d 459 (“Wharton I ”). Respondent has not sought reinstatement from this suspension, and accordingly, she remains suspended from the practice of law.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
| ¡.FORMAL CHARGES
Count I — The White Matter
In August 2002, Fredia Culpepper White paid respondent $500 to handle her mother’s succession. Ms. White obtained the documentation respondent requested and met again with respondent in July 2003. Thereafter, Ms. White’s repeated attempts to contact respondent were unsuccessful. In November 2003, Ms. White filed a complaint against respondent with the ODC, to which respondent failed to reply. In June 2004, Ms. White advised the ODC that due to respondent’s neglect, the house which was to be part of her mother’s succession may have been repossessed by the bank. Ms. White also reported that she and a relative were forced to pay another attorney $3,000 to complete the succession.
As a result of respondent’s suspension from the practice of law in Wharton I, a curator was appointed in 2004 to inventory her client files. Neither the ODC nor the curator were able to locate respondent despite numerous documented attempts to do so.
The ODC alleges that respondent’s conduct in the White matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to refund an unearned fee), and 8.1(c) (failure to cooperate with the ODC in its investigation).
Count II — The Gillins Matter
In April 2003, Debbie Gillins retained respondent to handle her divorce. At the time the representation commenced, Ms. Gillins paid respondent $395, with the understanding that respondent would file a petition for divorce. Two weeks later, Ms. | aGillins paid respondent an additional $425, for a total of $820. Thereafter, Ms. Gillins’ numerous attempts to contact respondent were unsuccessful. In January 2004, Ms. Gillins filed a complaint against respondent with the ODC, reporting that she had been forced to delay her plans to remarry due to respondent’s abandonment of her case. Respondent faded to reply to the complaint.
The ODC alleges that respondent’s conduct in the Gillins matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(6), and 8.1(c).
Count III — The Frame Matter
In June 2003, Timothy Frame retained respondent to handle a child custody matter. Mr. Frame paid respondent $1,500 for the representation. In August 2003, respondent sent Mr. Frame a copy of the petition for approval. Respondent represented to Mr. Frame that she had forwarded the petition to the Sheriffs Office for service on Mr. Frame’s former wife. Thereafter, Mr. Frame’s numerous attempts to contact respondent were unsuccessful, and he learned through direct *314 contact with the Sheriffs Office that no service or other activity had occurred in his matter since September 2002. In January 2004, Mr. Frame sent a certified letter to respondent terminating the representation and demanding a refund. Respondent did not claim the letter and refused to return calls or refund fees, leading Mr. Frame to file a complaint with the ODC in February 2004. Respondent failed to reply to the complaint.
The ODC alleges that respondent’s conduct in the Frame matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(6), 1.16(d) (obligations upon termination of the representation), and 8.1(c).
I ¿DISCIPLINARY PROCEEDINGS
In April 2005, the ODC filed three counts of formal charges against respondent, as set forth above. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

The hearing committee determined that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3). The committee also determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Based on these findings, the committee determined that respondent knowingly and intentionally violated duties owed to her clients. Respondent failed to perform services, thereby jeopardizing her clients’ legal matters and delaying resolution of their cases. Respondent’s failure to refund any unearned portion of the fees received from her clients continues to deprive the clients of funds rightfully owed them. The baseline sanction for respondent’s misconduct is a period of suspension.
The committee found that the following aggravating factors are present: prior disciplinary offenses, a pattern of misconduct, multiple offenses, and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the 15rules or orders of the disciplinary agency. The committee found no mitigating factors.
Considering the court’s prior jurisprudence, the committee determined that a lengthy suspension would ordinarily be appropriate for respondent’s misconduct. However, in light of the numerous aggravating factors present, including respondent’s previous suspension in Wharton I, as well as her continuing failure to cooperate in the disciplinary investigations, the committee recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings of the hearing committee that respondent violated the Rules of Professional Conduct as set forth in the formal charges, and that the charges were deemed admitted and proven by clear and convincing evidence.
The board determined that respondent violated duties owed to her clients and to the profession. Given the pattern of misconduct, respondent’s actions can only be *315 described as knowing and intentional. Ms. White, Ms. Gillins, and Mr. Frame have all been injured by respondent’s failure to return their legal fees and failure to complete their legal matters. The disciplinary system has been harmed in that the ODC has been forced to expend additional resources in its numerous attempts to contact respondent to obtain information for its investigation.
The board found that the following aggravating factors are present: prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction 16of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law (admitted 1972), and indifference to making restitution. The board agreed "with the hearing committee that no mitigating factors are present.
Likewise, the board agreed that the applicable baseline sanction in this matter is suspension, but that an upward deviation to disbarment is warranted under the circumstances. Numerous aggravating factors are present in this case, and respondent was previously suspended for three years for similar misconduct. She has failed to refund unearned fees to three clients totaling some $2,820, and she has repeatedly failed to cooperate with the ODC in its attempt to investigate the charges in this matter.
Based on this reasoning, the board recommended that respondent be disbarred. The board also recommended that respondent be ordered to provide an accounting and/or make restitution to her clients, and that she be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of |7the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record of this deemed admitted proceeding reveals that respondent neglected legal matters, failed to communicate with her clients, failed to account for or refund unearned fees paid by her clients, failed to return a client’s file, and failed to cooperate with the ODC in its investigation. This conduct clearly falls below the standards expected of a lawyer licensed to practice law in this state and, most disappointingly, is markedly similar to that which we saw in Wharton I.
Having found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and *316 mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent violated duties owed to her clients and as a professional. Undoubtedly, she acted knowingly, if not intentionally, and caused actual harm to her clients. The baseline sanction for this misconduct is a period of suspension.
Several significant aggravating factors are present in the instant case, including respondent’s prior three-year suspension in Wharton I for nearly identical misconduct. Respondent’s pattern of misconduct caused actual harm to her clients, and her total disregard for her professional obligations indicates that she poses a I «substantial danger to the public. Respondent’s continued indifference to rectifying the consequences of her misconduct is evident not only in her lack of response in the disciplinary proceedings, but in the timing of the misconduct, which occurred while the Wharton I proceedings were ongoing. There are no mitigating factors.
Considering the numerous aggravating factors present, respondent’s prior suspension, and the unearned fees that still have not been refunded to three clients, we cannot say the board’s recommendation of disbarment is inappropriate. Accordingly, we will disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Sheila Ann Wharton, Louisiana Bar Roll number 13391, be disbarred. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall provide ac-countings to her clients subject of the formal charges and make full restitution of any unearned legal fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.