PER CURIAM.
_[jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Keisha M. Jones-Joseph, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current matter, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1998. In 2014, respondent was disbarred for neglecting her clients’ legal matters, failing to communicate with her clients, failing to refund unearned fees, and failing to cooperate with the ODC in its investigation. In re: Jones-Joseph, 14-0061 (La.2/26/14), 134 So.3d 1153 (“Jones-Joseph I”). The misconduct at issue in Jones-Joseph I occurred between 2007 and 2010.
• Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
FORMAL CHARGES
Count I — The Geer Matter
In November 2012, Patty Jo Bowers Geer hired respondent to handle a family law matter, for which she paid respondent $1,000. Thereafter, Ms. Geer made numerous attempts to contact respondent but was unsuccessful. Eventually, | respondent’s phone was disconnected. Respondent did not perform the work for which she had been hired, and she did not account for or refund the unearned fee.
In March 2013, Ms. Geer filed a complaint against respondent with the ODC. The ODC sent notice of the complaint to *653 three of respondent’s known addresses via certified mail. -Although the return receipt card indicates notice was delivered to her secondary bar registration address on August 31, 2013, respondent failed to provide a response to the complaint.
Count II — The Davis Matter
In February 2013, Jarika Davis retained respondent to obtain an expungement of her criminal record, for which she paid respondent $1,100. Respondent was to contact Ms. Davis two weeks later to provide a status update. When she failed to do so, Ms. Davis contacted respondent. At that time,' respondent told Ms. Davis that she had filed the expungement. Ms. Davis later learned this statement was untrue. Despite repeated efforts, Ms. Davis was only able to .speak with respondent about the case through a third party. As of December 2013, Ms. Davis was unable to communicate in any way with respondent. Respondent did not perform the work for which she had been hired, and she did not account for or refund the unearned fee.
In July 2013, Ms. Davis filed a complaint against respondent with the ODC. The ODC sent notice of the complaint to respondent’s primary bar registration address and another known address via certified mail. The notices were returned marked “return to sender.” No response was ever received ft-om respondent.
In October 2013, Ms. Davis filed a claim against respondent with the Louisiana State Bar Association’s Client Assistance Fund. The Client Assistance Fund subsequently approved Ms. Davis’s claim and reimbursed her $1,100.
I «DISCIPLINARY PROCEEDINGS
In August 2014, the ODC filed formál charges against respondent, alleging that her conduct as set forth ‘ above violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to-communicate with a client),-. 1.5(f)(5) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(b) (knowing-failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, , deceit, or misrepresentation) of the Rules of Professional Conduct.
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committeé Report

After reviewing the ODC’s deemed admitted submission, the hearing committee found that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined respondent violated duties owed to her clients, the public, the legal system, and the legal profession. Respondent acted knowingly and intentionally, causing'actual-injury. Based on the ABA’s Standards for | ¿Imposing Lawyer Sanctions, ,⅛ committee determined the applicable baseline sanction ranges from suspension to disbarment.
*654 In aggravation, the committee found a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law (admitted 1998), and indifference to making restitution. The committee found no mitigating factors are present.
After considering the court’s ruling in Jones-Joseph I, which involved nine counts of similar misconduct by respondent, the committee recommended respondent be disbarred. The committee also recommended respondent be required to make restitution to her clients.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined respondent knowingly, if not intentionally, violated duties owed to her clients, the legal system, and the legal profession. Respondent caused significant actual harm to her clients. Aside from not receiving the legal services for which they paid, her clients have not been able to retain other counsel to com-píete their legal matters because in order to do so, they need a refund of the | ¡¡money they paid to respondent. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction is disbarment. The board adopted the aggravating factors found by the committee. The board agreed that no mitigating factors are present.
Turning to the issue of an appropriate sanction, the board noted that because the misconduct in the present matter occurred in 2012 and 2013, well after the misconduct for which respondent was disbarred in Jones-Joseph I, the approach established by this court in Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), is inapplicable in this case.[1] Under the circumstances, the board concluded that a more appropriate sanction would be to extend the five-year minimum period which must elapse before respondent may seek readmission from her disbarment.
After reviewing prior jurisprudence involving similar misconduct, the board recommended a five-year extension to the time period in which respondent can apply for readmission to the bar. The board also recommended respondent be ordered to pay restitution with interest to Ms. Geer and reimburse the Client Assistance Fund for the payment made to Ms. Davis. The board further recommended respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an' objection to the disciplinary board’s recommendation.
JjDISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. *655 Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter indicates that respondent has accepted legal fees in two cases and then abandoned her clients without doing any work and without protecting their interests. She has made no effort to account for fees and/or return any unearned fees, and failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the ^profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
The record supports a finding that respondent knowingly, if not intentionally, violated duties owed to her clients, the legal system, and the legal profession. Her misconduct, which occurred while her prior discipline matter was pending, caused actual harm to her clients. The applicable baseline sanction in this matter is disbarment. The aggravating factors found by the hearing committee and the disciplinary board are supported by the record, and no mitigating factors are identifiable.
Case law indicates that attorneys who have engaged in similar misconduct have been disbarred. In In re: Decker, 05-1550 (La.12/16/05), 916 So.2d 1023, this court disbarred an attorney who collected a $5,500 fee but failed to perform any work on a succession matter and then failed to refund the unearned fee despite the client’s request. In In re: Wharton, 07-0556 (La.9/14/07), 964 So.2d 311, this court disbarred an attorney who failed to complete her clients’ legal matters and then failed to refund the unearned fees. Like respondent, the attorneys in Decker and Wharton had a prior disciplinary history for similar misconduct.
Although respondent is currently disbarred as a result of her misconduct in Jones-Joseph I, our jurisprudence permits additional sanctions in the form of an extension of the five-year minimum period which must elapse before a disbarred lawyer may seek readmission. See In re: White, 00-2732 (La.4/25/01), 791 So.2d 602 (“[therefore, we believe it is more consistent with the purposes of Supreme Court Rule XIX, § 24 to hold that the five-year minimum period for readmission for a subsequent disbarment should run consecutively to the five-year period stemming *656 from the' original disbarment, in the absence of unusual or extenuating circumstances”).
| ^Accordingly, we will adopt the board’s recommendation to extend the time period in which respondent can apply for readmission by five years. We will also order respondent to make full, restitution to her clients, or reimburse the Client Assistance Fund, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing'committee and disciplinary board, and considering the record, it is ordered that that the minimum period within which Keisha M. Jones-Joseph, Louisiana Bar Roll number 25736,' may seek readmission to the practice of law be extended for a period of five years, commencing from the date respondent would be eligible to seek readmission from the disbarment^ imposed in In re: Jones-Joseph, 14-0061 (La.2/26/14), 134 So.3d 1153. It is further ordered that respondent make full restitution to each of her clients subject of the formal charges, or to the Louisiana State Bar Association’s Client Assistance Fund, as applicable. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence .thirty days from the date of finality of this court’s judgment until paid.

. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when a second attorney disciplinary proceeding involves conduct that occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.