PER CURIAM.
 

 hThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Carl V. Williams, an attorney licensed to practice law in Louisiana.
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1987. In 1996, respondent was admonished by the disciplinary board for failing to communicate with a client, failing to promptly return client funds, and failing to cooperate with the ODC. In 2007, respondent was admonished by the board for failing to execute a written contingent fee agreement.
 

 In 1998, respondent was suspended from the practice of law by this court in
 
 In re: Williams,
 
 98-0773 (La.4/24/98), 709 So.2d 211. The ODC had filed two counts of formal charges against respondent, alleging he neglected a legal matter, failed to communicate with a client, failed to safeguard client funds, and commingled and converted client funds. Thereafter, the parties filed with this court a petition for consent discipline, proposing that respondent be suspended from the practice of law for one year and one day, with all but three months deferred, followed by a two-year | ^period of supervised probation with conditions. We ultimately accepted the petition for consent discipline and imposed the proposed discipline.
 

 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 UNDERLYING FACTS
 

 09-DB-0U
 

 Jo Ann Smith hired respondent to handle a succession matter. On April 16, 2008, Ms. Smith paid respondent $1,959, which according to respondent was intended to represent a flat fee of $1,500 plus court costs of $459. However, respondent’s written contract with Ms. Smith stated that the sum of $1,959 represented an
 
 “advance
 
 toward fees and costs” [emphasis added] for his handling of the matter. The agreement went on to provide that the balance of attorney’s fees would be paid prior to completion of the proceedings and specified an hourly rate of $125 per hour.
 

 Thereafter, respondent placed the funds paid by Ms. Smith into his operating account. A review of respondent’s bank statements reveals that his account balance was regularly below the amount advanced by Ms. Smith, resulting in a conversion of her funds. In July 2008, Ms. Smith filed a complaint against respondent
 
 *753
 
 with the ODC. In December 2008, respondent refunded $1,621.50 to Ms. Smith.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f)(3) (advance deposit against fees which are to accrue in the future must be placed in the lawyer’s trust account), 1.5(f)(4) (advance deposit for costs and expenses must be placed in the lawyer’s trust account), 1.15(a) (safekeeping property of clients or third persons), 8.4(a) (violation |sof the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 
 [1]
 

 09-DB-OU
 

 In June 2001, Jacqueline Bonnee hired respondent to represent her interests in having her brother removed from her family home either through negotiation or by filing a partition action against him. Although respondent’s fee agreement with Ms. Bonnee called for a fifteen percent contingency fee to be taken from the sale of the property, respondent failed to reduce the contingent fee agreement to writing and failed to obtain Ms. Bonnee’s signature on the agreement. Ms. Bonnee now suffers from Alzheimer’s disease and is unable to independently verify respondent’s assertions concerning the fee agreement. In August 2009, Ms. Bonnee’s daughter filed a complaint on her mother’s behalf with the ODC.
 

 The ODC alleged that respondent’s conduct violated Rule 1.5(c) (a contingent fee agreement shall be in writing) of the Rules of Professional Conduct.
 

 DISCIPLINARY PROCEEDINGS
 

 In June 2009, the ODC filed the formal charges in the Smith matter. In November 2009, the ODC filed the formal charges in the Bonnee matter. Respondent answered both sets of formal charges. With regard to the Smith matter, respondent stated that he erred in drafting the contract with Ms. Smith, and that her initial payment should have been designated as a “retainer fee.” In all other respects, respondent denied any misconduct in the Smith matter. As to the Bonnee matter, respondent admitted that as the result of an oversight, his fee agreement was not 14reduced to writing and signed by Ms. Bonnee. The two matters were then consolidated by order of the disciplinary board before being considered by a hearing committee.
 

 Formal Hearing
 

 The consolidated matters proceeded to a formal hearing on the merits, at which respondent was the only witness to testify. He explained that the $1,959 paid by Ms. Smith was intended to constitute a flat fee of $1,500 and costs of $459. However, he admitted that when he drafted his fee agreement with Ms. Smith, he improperly stated that the $1,959 was an advance payment. He further admitted that, based on the way the agreement was written, the full amount of the payment should have been deposited into his trust account.
 

 As to Ms. Bonnee, respondent testified that he entered into a fee agreement with his client for a fifteen percent contingency fee to be applied to the sales price of the family home. Respondent admitted that he did not reduce the contingency fee agreement to writing and did not obtain Ms. Bonnee’s signature acknowledging her acceptance of the agreement.
 

 Hearing Committee Report
 

 After reviewing the testimony and the evidence presented at the hearing, the
 
 *754
 
 hearing committee made the following factual findings:
 

 In the Smith matter, the committee found that respondent entered into a written agreement with Ms. Smith dated April 17, 2008 and titled “Retainer Agreement for Succession/Partition Action.” The committee noted that this agreement did not refer to a true retainer agreement under the Rules of Professional Conduct, but was intended by respondent to refer to a $1,500 minimum or fixed fee, within the meaning |sof Rule 1.5(f)(2), and a $459 advance deposit for costs and expenses, within the meaning of Rule 1.5(f)(4). A minimum or fixed fee may be placed in the lawyer’s operating account when paid by the client. The committee therefore concluded that respondent did not violate the Rules of Professional Conduct by depositing the $1,500 paid by Ms. Smith into his operating account, but did violate Rules 1.5(f)(4), 1.15(a), and 8.4(a) by depositing the $459 advance deposit for costs into his operating account, rather than a client trust account. Furthermore, the committee found that respondent converted the $459 advance deposit to his own use when he caused the balance of his operating account to fall below $459 in May, August, September, and October 2008, thus violating Rule 8.4(c). Respondent timely made a refund to Ms. Smith on December 16, 2008.
 

 In the Bonnee matter, the committee determined respondent failed to reduce a contingency fee agreement to writing, in violation of Rules 1.5(c) and 8.4(a). However, he actually did the work for the client and would be entitled to a fee. The disputed funds are being held in an escrow account and respondent has agreed to submit the fee dispute to mediation or arbitration.
 

 The committee determined that in the Smith and Bonnee matters, respondent knowingly violated duties owed to his client, the public, and the legal profession. The committee found the harm in both matters was only minor. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the applicable baseline sanction is suspension.
 

 In aggravation, the committee recognized respondent’s prior disciplinary offenses and substantial experience in the practice of law. As mitigating factors, the committee found a timely good faith effort to make restitution or to rectify the consequences of the misconduct and remorse.
 

 | (After also considering this court’s prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice of law for one year, with all but three months deferred, followed by a two-year period of probation subject to the following conditions:
 

 1. Respondent shall maintain a client trust account;
 

 2. Respondent shall attend ten additional hours of continuing legal education in the area of law office management;
 

 3. Respondent shall allow a practice monitor appointed by the ODC to periodically inspect and inventory his files and trust account;
 

 4. Respondent shall file an annual registration statement, remain current on his MCLE requirements, and pay all bar dues and disciplinary assessments;
 

 5. Respondent shall provide timely proof of compliance with these conditions to the ODC as they are completed;
 

 6. Respondent shall comply with the Rules of Professional Conduct; and
 

 7. In the event respondent fails to comply with these conditions of proba
 
 *755
 
 tion, the disciplinary board is authorized to modify or extend the probationary period, or recommend to the court that the probation be revoked and the remaining deferred portion of the suspension be made executory.
 

 Both respondent and the ODC filed objections to the hearing committee’s report.
 

 Disciplinary Board Recommendation
 

 After reviewing these consolidated matters, the disciplinary board determined the hearing committee erred in considering parol evidence to clarify the written contract between respondent and Ms. Smith. According to the board, the contract 17was not ambiguous, and involved an advance deposit of fees to be earned by respondent in the future under Rule 1.5(f)(3). Therefore, respondent was required to deposit Ms. Smith’s funds into his client trust account. In all other respects, the board agreed with the factual findings and legal conclusions of the committee.
 

 The board determined respondent knowingly violated duties owed to his client, the public, and the legal profession. Citing the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 as well as this court’s prior jurisprudence involving conversion of client funds, the board determined the baseline sanction ranges from suspension to disbarment. The board agreed with the hearing committee’s assessment of aggravating factors, but also recognized a pattern of misconduct. The board agreed with the mitigating factors found by the committee.
 

 Considering respondent’s misconduct in light of the prior jurisprudence of this court, the pattern of misconduct, the history of prior discipline, and the aggravating factors present, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended respondent be ordered to submit the fee dispute with Ms. Bonnee to the Louisiana State Bar Association’s Fee Dispute Resolution Program. One board member noted he would also recommend respondent attend trust account and ethics classes.
 

 Respondent filed an objection to the disciplinary board’s recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an 1 sindependent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 In this matter, there is no dispute that respondent deposited $459 in advanced costs into his operating account rather than a client trust account, converted those funds to his own use by allowing the balance of the operating account to drop below $459, and failed to reduce a contingency fee agreement to writing. The only issue to be determined is the proper characterization of the $1,500 fee paid by Ms. Smith. Respondent apparently intended the $1,500 to be a fixed fee or a minimum fee, which would become his property when paid by Ms. Smith. On the other hand, the ODC contends the $1,500 was an
 
 *756
 
 advance deposit against fees for future work, which, when paid, still belonged to Ms. Smith and should have been placed in respondent’s trust account.
 

 While respondent’s intentions may-have been good, the fee agreement he drafted and which was signed by Ms. Smith clearly refers to an advance fee. Therefore, pursuant to Rule 1.5(f)(3), respondent was required to deposit the $1,500 paid by Ms. Smith into his client trust account.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and | fldeter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520' (La.1984).
 

 The record supports a finding that respondent knowingly violated duties owed to his client, the public, and the legal profession, causing actual, albeit minimal, harm to his clients. Under the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the applicable baseline sanction is suspension.
 

 Aggravating factors consist
 
 of
 
 prior disciplinary offenses, a pattern of misconduct, and substantial experience in the practice of law (admitted 1987). The following mitigating factors are present: a timely good faith effort to make restitution or to rectify the consequences of the misconduct and remorse.
 

 Under the circumstances of this case, we conclude that an actual period of suspension is warranted. We will impose a one-year suspension, deferring all but four months of the suspension on the condition that respondent successfully complete a two-year period of probation governed by the conditions set forth by the hearing committee in its report. We will also order respondent to participate in the fee dispute resolution program in the Bonnee matter. We caution respondent that any failure to comply with the conditions of probation, or any misconduct on his part during the period of probation, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
 

 ImDECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral' argument, it is ordered that Carl V. Williams, Louisiana Bar Roll number 18507, be and he hereby is suspended from the practice of law for one year. All but four months of the suspension shall be deferred, subject to respondent’s successful completion of a two-year period of supervised probation governed by the conditions enumerated by the hearing committee. In addition, respondent is ordered as a condition of probation to submit the fee dispute with Jacqueline Bonnee to the Louisiana State Bar Association’s Fee Dispute Resolution Program. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional dis
 
 *757
 
 cipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 [1]
 

 . The formal charges mistakenly referred to Rules 1.5(a)(3) and (4) instead of Rules 1.5(f)(3) and (4). The ODC corrected the typographical error in its pre-hearing memorandum.