ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 | iThis disciplinary matter arises from a petition to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Carl V. Williams, based upon allegations that respondent engaged in the unauthorized practice of law following his suspension in
 
 In re: Williams,
 
 10-2759 (La.5/10/11), 62 So.3d 751
 
 {‘Williams I”).
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 After considering the record in
 
 Williams I,
 
 we determined that respondent failed to properly handle his client’s funds and failed to reduce a contingency fee agreement to writing.
 
 [1]
 
 On May 10, 2011, respondent was suspended from the practice of law for a period of one year, with all but four months deferred, subject to his successful completion of a two-year period of supervised probation with conditions. We cautioned respondent that if he failed to comply with the conditions of probation, or committed any misconduct during the probationary period, the deferred portion of the suspension may be made executory, or additional discipline imposed, as appropriate. Respondent did not seek rehearing |2of the court’s judgment, and accordingly, his suspension became final and effective on May 24, 2011.
 

 Thereafter, the ODC received a letter from Judge Veronica E. Henry of the First City Court for the City of New Orleans, who reported that respondent had appeared in her court on June 3, 2011 to argue a motion for new trial on behalf of a client.
 
 [2]
 
 Judge Henry further advised that at no time did respondent inform her he had been suspended from the practice of law.
 

 Following the filing of Judge Henry’s complaint, the ODC filed the instant “Petition to Make Deferred Suspension Execu-tory & Petition for Interim Suspension for
 
 *415
 
 Threat of Harm.” In this petition, the ODC argues respondent has violated Rule 5.5 of the Rules of Professional Conduct by practicing law while suspended. Therefore, on the ground that respondent poses a threat of harm to his clients, the ODC requests this court revoke the deferred portion of respondent’s suspension, making the full one-year suspension executory. The ODC also seeks respondent’s transfer to interim suspension for threat of harm, pursuant to Supreme Court Rule XIX, § 19.2. In his response to the ODC’s filing, respondent asserted that his appearance in Judge Henry’s court on June 3, 2011 was the result of a misunderstanding on his part as to when his suspension in
 
 Williams I
 
 was actually to commence.
 

 DISCUSSION
 

 In the instant case, it is undisputed that respondent was suspended from the practice of law for one year, with all but four months deferred, effective May 24, 2011. It is likewise undisputed that on June 3, 2011, ten days after the effective date of the suspension, respondent appeared in open court to argue a contested |smotion on behalf of a client. Although such conduct clearly constitutes the unauthorized practice of law, under the circumstances, we find that respondent acted in the mistaken but good faith belief that his suspension had not yet taken effect. For this reason, we will not revoke respondent’s probation and impose the remaining eight months of his suspension in
 
 Williams I.
 
 Rather, we will sanction respondent for his unauthorized practice of law by imposing ninety days of the previously deferred
 
 Williams I
 
 suspension.
 

 DECREE
 

 For the reasons assigned, respondent, Carl V. Williams, Louisiana Bar Roll number 18507, shall be suspended from the practice of law for ninety days, which suspension shall run consecutively to the suspension imposed in
 
 In re: Williams,
 
 10-2759 (La.5/10/11), 62 So.3d 751. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Specifically, with regard to his client's funds, respondent deposited $459 paid to him for costs into his operating account rather than a client trust account; converted those funds to his own use by allowing the balance of the operating account to drop below $459; and failed to deposit a $1,500 advance fee into his client trust account.
 

 [2]
 

 . Respondent filed the motion for new trial on May 16, 2011. On that date, respondent was still permitted to practice law because the court's judgment in
 
 Williams I
 
 was not yet final.